UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HUNTER, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>FEDERAL ENERGY REGULATORY )<br>COMMISSION, )<br> )<br> Defendant. ) | Civil Action No. CV07-1307 (RJL). |

### DEFENDANT FEDERAL ENERGY REGULATORY COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIVE WITNESS TESTIMONY

Pursuant to LCvR 7(b), Defendant Federal Energy Regulatory Commission (FERC), hereby submits this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Live Witness Testimony.

In Plaintiff's Motion for Live Witness Testimony, Plaintiff requests permission to present live witness testimony pursuant to LCvR 65.1(d), but fails to provide any rationale for why this Court should ignore its customary practice of deciding preliminary injunction motions without live testimony where possible. LCvR 65.1(d) states in pertinent part as follows:

> The practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible. Accordingly, any party who wishes to offer live testimony or cross-examine an affiant at the hearing shall so

>request in writing 72 hours before the hearing and shall provide the court and all other parties a list of the witnesses to be examined and an estimate of the time required.  <u>The court may decline to hear witnesses at the hearing where the need for live testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence</u>.  If practicable, the court shall notify all parties of its ruling on the request to adduce live testimony one business day before the hearing.

LCvR 65.1(d) (emphasis added).

In the absence of any justification by Hunter for departing from the practice of proceeding on papers and argument, the Motion should be denied.  Plaintiff has already submitted lengthy declarations from those same witnesses he seeks to call live: Brian Hunter and Shondell Sabad.  Plaintiff fails to detail how live testimony from these two witnesses would present facts not already submitted.  Allowing live testimony in this instance would only serve to cause undue delay, waste time, and present cumulative evidence.  Furthermore, if live witness testimony was to add evidence not already in the witnesses' declarations, this would constitute unfair surprise and undermine Defendant's ability to fully cross-examine the witnesses since Defendant has not been offered a chance to depose these witnesses.  Additionally, Plaintiff's counsel did not confer with FERC counsel prior to filing the Motion (as required by LCvR 7(m)) which both complicates the resolution of the motion and further compounds the disadvantage to FERC.

WHEREFORE, the FERC respectfully requests that Plaintiff's Motion for Live Witness Testimony be denied.

DATED:  August 6, 2007                                  Respectfully submitted,


                                                             /s/  Jeffrey A. Taylor
OF COUNSEL                                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                        UNITED STATES ATTORNEY

SUSAN J. COURT
ROBERT E. PEASE
LEE ANN WATSON                                               /s/   Rudolph Contreras
                                                        RUDOLPH CONTRERAS,
                                                        DC Bar # 434122
                                                        Assistant United States Attorney



     /s/   Todd Mullins                                       /s/  Megan L. Rose
Todd Mullins (D.C. Bar # 429539)                        Megan L. Rose, NC Bar No. 28639
Leslie B. Bellas (D.C. Bar # 429707)                    Assistant United States Attorney
Justin Shellaway (D.C. Bar # 476170)                    Civil Division
Nicole Brisker (D.C. Bar # 480252)                      555 Fourth Street, N.W., E-4220
Federal Energy Regulatory Commission                    Washington, D.C. 20008
Office of Enforcement                                   (202) 514-7220
Division of Investigations                              Megan.Rose@usdoj.gov
888 First Street, NE
Washington, DC  20426
(202) 502-8594                                          Attorneys for Defendant.

3