**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BRIAN HUNTER, | : | |
| Plaintiff, | : | 07 Civ. 1307 (RJL) |
| v. | : | |
| FEDERAL ENERGY REGULATORY COMMISSION, | : | |
| Defendant. | : | |

### PLAINTFF'S CONSENT MOTION FOR LEAVE TO FILE MEMORANDUM

Plaintiff Brian Hunter, by and through his attorneys, Kobre & Kim LLP, hereby moves this Court for leave to file the attached Memorandum in order to respond to the opposition filed by Defendant Federal Energy Regulatory Commission ("FERC") on August 6, 2007 on the sole issue of whether FERC's enforcement action against Hunter exceeds the authority granted to FERC under FERC's enabling statutes because Hunter is a natural person.

Pursuant to LCvR7(m), Michael S. Kim, counsel for Plaintiff, spoke with Todd Mullins, counsel for FERC, by telephone on August 5, 2007. During that conversation, Mr. Mullins asked Mr. Kim to consent to FERC's filing a surreply on this issue on August 6, 2007, and Mr. Kim did so on behalf of Brian Hunter (accordingly, FERC filed an unopposed motion for leave to file its surreply, as well as the surreply itself). During the same conversation, Mr. Kim asked

2

Mr. Mullins to agree to Brian Hunter's filing a response to FERC's surreply memorandum, and

Mr. Mullins did so on behalf of the FERC.

 WHEREFORE, Plaintiff respectfully requests leave to file the attached Memorandum.


Dated: August 7, 2007
  Washington, D.C.

              Respectfully submitted,

              KOBRE & KIM LLP

              By:   /s/
                Michael S. Kim
                Matthew I. Menchel
                Natalie Holme Elsberg
                Leif T. Simonson
                Kobre & Kim LLP
                800 Third Avenue
                New York, New York 10022
                Telephone: 212.488.1200
                Facsimile: 212.488.1220

                Justin V. Shur (DC Bar No. 973855)
                Kobre & Kim LLP
                1050 Connecticut Avenue N.W.
                Washington, D.C. 20036
                Telephone: 202.664.1900
                Facsimile: 202.664.1920

              *Attorneys for Plaintiff Brian Hunter*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

BRIAN HUNTER,

    Plaintiff,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

    Defendant.

07 Civ. 1307 (RJL)

---

**PLAINTIFF'S MEMORANDUM
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Brian Hunter ("Hunter") respectfully submits this memorandum in response to Defendant Federal Energy Regulatory Commission's ("FERC") opposition on the issue whether FERC has authority to pursue administrative enforcement actions against natural persons for alleged violations of the anti-manipulation provision of the Natural Gas Act ("NGA"). Congress never gave FERC such authority, and this Court should reject FERC's reading into the statute words that do not exist.

    I.    **FERC Is Not Entitled To Chevron Deference**

In arguing that the term "entity" in the NGA's anti-manipulation rule includes natural persons, FERC asks this Court for "substantial deference" (Surreply, 2) and appeals to a series of policy arguments as to why "the term 'entity' should be broadly

construed" (Surreply, 3). However, judicial deference to agency interpretation of statutes is not automatic. Under the first step of the well-established analysis under *Chevron USA, Inc. v. National Resources Defense Council, Inc., et al.*, 467 U.S. 837 (1984), the Court must *first* exhaust traditional tools of statutory construction to determine whether Congress has spoken on the issue. *Halverson v. Slater*, 129 F.3d 180, 184 (D.C. Cir. 1987). It is only if *after* doing so, the Court determines that the statute is ambiguous that it may proceed to the second step of determining whether the agency's interpretation is reasonable and thus entitled to deference.[1] FERC's interpretation fails both steps of the test, and this Court is entitled to find that "entity" does not include natural persons without deferring to FERC's unreasonable reading.

## II. The NGA Is Not Ambiguous On The Issue Whether "Any Entity" Subject to FERC's Administrative Enforcement Proceedings Includes Natural Persons

### A. FERC's Reference To Section 717s Is Unavailing

FERC argues that 15 U.S.C. § 717s(d) proves that Congress must have intended for natural persons to be subject to FERC's administrative enforcement process for alleged violations of the NGA's anti-manipulation rules. Section 717s(d) provides that FERC may seek an injunction in U.S. District Court against natural persons ("individuals") who have engaged in manipulative practices, to exclude them from the physical natural gas industry. *See* 15 U.S.C. §§ 717s(a), (d). According to FERC, since Congress contemplated the agency's obtaining injunctions against natural persons for

---

[1] If FERC believes that it would be wiser policy to have the anti-manipulation provision of the NGA generally apply to individuals in addition to entities such that FERC could pursue administrative actions against them, then it is for *Congress*—not FERC, and not the court—to amend the statute through the legislative process. *See Dodd v. United States*, 545 U.S. 353, 359-60 (2005) (cited by FERC at Surreply, 5 n. 7) ("It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.")

2

engaging in manipulative practices, Congress must also have intended for FERC to pursue administrative enforcement proceedings and seek monetary penalties against natural persons for the same practices. Otherwise, FERC claims, section 717s(d) would be meaningless.

To the contrary, section 717s(a), (d) underscores that in drafting the NGA's anti-manipulation references, Congress clearly knew how to use the term "individual" where it wished and chose not to do so in the general anti-manipulation provision. In section 717s, Congress clearly set out that the FERC could sue for an injunction in District Court to exclude natural persons from the physical natural gas industry and used the term "individual" in the provision, as it had in other part of the NGA (*see* Hunter's Reply Memorandum, 11). Accordingly, Congress's decision to use the term "entity" in the general anti-manipulation provision (section 717c-1) rather than "person," "individual" or "entity or individual" is further proof that Congress meant "entity" to be something *other* than natural persons. As explained by the D.C. Circuit in *American Dental Association v. Shalala*, Congress would not have used "entity" and "person" in the same statute if "entity" already encompassed "person." *See American Dental Association*, 3 F.3d 445, 446-47 (D.C. Cir. 1993) (finding term "entity" not to be ambiguous after court examined the statute even though term was undefined).

In addition, there is nothing self-contradictory about the NGA envisioning FERC pursuing administrative enforcement for monetary penalties against companies/organizations on the one hand, and injunctive proceedings in District Court against individuals on the other. Section 717s(a), entitled "Action in District Court for Injunction" addresses only the scenario of FERC filing in a District Court (not in an

3

administrative enforcement proceeding) to enjoin an individual who "is engaged or has engaged in practices constituting a violation of § 717c-1" from engaging in certain listed activities, namely acting as an officer or director of a natural gas company, or engaging in the business of purchasing or selling of natural gas. 15 U.S.C. § 717s(d)(1), (2).[2] This provision does not address at all the notion of FERC pursuing administrative enforcement actions or seeking monetary penalties against individuals. The general proscription against manipulation in section 717c-1, on the other hand, which leads to FERC administrative enforcement and monetary penalties, is framed explicitly only as to "any entity" (i.e., non-individuals) and makes no mention of "individual" or even "person" (which in the NGA is defined to include companies and individuals).

Thus, the plain language of the NGA shows that in amending the statute through the Energy Policy Act of 2005 ("EPAct 2005"), Congress drew a distinction between injunctive relief against individuals and monetary penalties for organizations. This reading is supported by the statute's legislative history. In discussing the enforcement authority provided to FERC, the Congressional Record cites a legislator specifically describing the EPAct 2005 as doing two *separate* things: (a) giving FERC authority to *ban or enjoin energy traders and individuals* from employment in the energy industry, and (b) giving it authority to *enforce civil penalties against companies* that violate the statute:

> Senator Cantwell: "…[T]he legislation also gives Federal regulators new authority to *ban unscrupulous energy traders and executives from employment* in the utility industry. In addition, it substantially increases *fines for energy companies* that break the rules."

---

[2] Hunter is *not* asking this Court to prevent FERC from suing him in District Court for an injunction pursuant to section 717s(a), (d). As explained in the Complaint and subsequent papers, Hunter is asking the Court to examine whether FERC can pursue its administrative enforcement action against him.

4

H.R. Rep. 109-49, 151 Cong. Rec. S9335-01.  Such commentary is consistent with the differing terms used in the injunction provision on the one hand (to cover individuals) and the general anti-manipulation provision which triggers monetary penalties on the other hand (to cover entities).

A comparison to Section 10(b) of the Securities Exchange Act—upon which FERC argues that § 717c-1 is based—further supports our view.  In Section 10(b), Congress used the term "any person" in referencing anti-manipulation prohibitions, thus demonstrating that, when Congress intends to draft an anti-manipulation provision applies to natural persons, it knows how to do so. *See* 15 U.S.C. § 78c(a)(9) (defining "person" to include "natural person").  In § 717c-1, by contrast, Congress specifically did not use the term "person," but instead deliberately chose the provision to apply only to "any entity."  This deliberate choice must be given effect.

In short, if Congress had intended § 717c-1 also to apply to natural persons, Congress could have included used the term "person or municipality," as it has elsewhere in the NGA, which would have encompassed individuals, companies, and municipalities. 15 U.S.C. § 717f(a).  Or it could have referred specifically to "individuals," as it did in section 717s(d).  Congress, however, did neither.  "Where Congress knows how to say something, but chooses not to, its silence is controlling." *Brendsel v. Office of Federal Housing Enterprise Oversight*, 339 F.Supp.2d 52, 65 (D.D.C. 2004).

### B. FERC's References To The FPA is Unavailing

FERC also points to section 222 of the Federal Power Act ("FPA") (16 U.S.C. § 824v), which refers to "any entity described in § 201(f) of the FPA," to argue that "entity" is used in a manner that "includes 'persons'" because section 201(f) contains

references to human beings (Surreply, 6). However, an examination of the full text of section 201(f) demonstrates FERC's citation to be misplaced. Section 201(f) does not purport to be a definition section for "entity," but merely sets out the sovereign immunity provisions of the FPA.

> The *full* text of FPA 201(f) reads:
>
> No provision in this subchapter shall apply to, or be deemed to include, the United States, a State or any political subdivision of a State, an electric cooperative that receives financing under the Rural Electrification Act of 1936 (7 U.S.C. 901, *et seq.*) or that sells less than 4,000,000 megawatt hours of electricity per year*, or any agency, authority, or instrumentality of any one or more of the foregoing, or any corporation* which is wholly owned, directly or indirectly, by any one or more of the foregoing, *or any officer, agent, or employee of any of the foregoing acting as such in the course of his official duty*, unless such provision makes specific reference thereto.

16 U.S.C. § 824(f).

Thus, section 222 stands for nothing more than the unremarkable proposition that, to the extent some of the references listed in section 201(f) are "entities" (such as a political subdivision or an electric cooperative), they are also included as an entity in section 222. Section 222 does *not* state that *all* the examples in section 201(f) are to be considered "entities."

FERC also claims that the FPA's use of the term "the person or other entity" following the phrase "no entity" in section 221 must mean that "entity encompasses natural persons" (Surreply, 5). However, this logic is inherently flawed. If "entity" encompasses natural persons as the FERC insists, it would be unnecessary for the statute to say "the person or other entity" as opposed to simply "entity." The very fact that the phrase uses both "person" and "entity" in the same phrase shows that the two words mean different things even in the FPA. Of course, other than FERC's tortured reading,

6

section 221 does not state anywhere that "person" is a subset of "entity." Nowhere in the NGA or FPA is there any overlapping connection between "entities" and "individuals" or "natural persons."

Throughout, FERC invokes the mantra of *in pari materia* (*see, e.g.*, Surreply, 4) to undergird its claims that § 201(f) of the FPA should somehow import a definition of "entity" that includes "individual" into the NGA. Not only is the premise of that proposition false (as set out above), but the principle of *in pari materia* is entirely inapplicable here: that interpretive tool is used by courts where statutory provisions are comparable. *See, e.g., Union Elec. Co. v. FERC*, 668 F.2d 389, 392 (8th Cir. 1981) (noting, "The rate provisions [under consideration] of the two Acts are virtually identical, and therefore precedent from one is useful in construing the other"). Where the language is not comparable, there is little force to the argument that it be construed "*in pari materia*." Here, FERC *concedes* that the FPA provision not comparable, and that "the NGA does not have an analog to FPA § 201(f)" (Surreply 6, n. 4.) Nor does FERC draw any connections between sections 221 and 222 of the FPA and any provisions of the NGA.

### III. FERC's Interpretation is Not Reasonable

FERC claims that it has been conferred with "the *broadest possible* regulatory authority" (emphasis added) because Congress granted FERC the power to prescribe "rules and regulations as [FERC] may prescribe as necessary." (Surreply, 7).[3] FERC

---

[3] FERC notes in passing that "no one challenged FERC's interpretation of the term 'entity'" as support for its position (Surreply 8). This argument is disingenuous for several reasons. First, even a cursory glance at the Appendix to Order 670, a "List of Parties Filing Comments and Reply Comments and Acronyms", indicates that only utilities and utility-related lobbying organizations provided commentary. No hedge funds or commodity derivatives trading companies, let alone individual commodity derivatives traders, provided public comment, suggesting, at least tangentially, that they did not understand Order 670 to apply to them. Second, as Order 670 itself highlights, FERC itself chose to substitute the term "entity" for the

conveniently ignores that whatever regulatory authority it has cannot exceed the bounds of the power granted to it by Congress, and therefore cannot contradict the terms of the NGA on its face.  An "administrative agency's power to regulate must always be grounded in a valid grant of authority from Congress."  *Brendsel,* 339 F.Supp.2d at 66 (Leon, J.) (citations omitted) (rejecting the argument that Director who was empowered to "take whatever actions he deems necessary" for enforcement purposes had "plenary authority" to act, when agency's acts were contradicted by applicable statute "on its face").

FERC offers nothing other than its bald assertion that its interpretation of its own powers is reasonable.  FERC's assertion of authority over Hunter, a natural person, is contrary to the plain language of the NGA and the legislative history of the statute, and should be rejected.

---

term "person," at the suggestion of certain commenters.  *See* Order 670 at ¶ 75.  As such, FERC was clearly aware of the nuanced distinctions between these terms.

Dated: August 7, 2007
       New York, New York

                                  Respectfully submitted,

                                  KOBRE & KIM LLP

                                By: _____/s/_____
                                    Michael S. Kim
                                    Matthew I. Menchel
                                    Natalie Holme Elsberg
                                    Leif T. Simonson
                                    Kobre & Kim LLP
                                    800 Third Avenue
                                    New York, New York 10022
                                    Telephone:    212.488.1200
                                    Facsimile:    212.488.1220

                                    Justin V. Shur (DC Bar No. 973855)
                                    Kobre & Kim LLP
                                    1050 Connecticut Avenue N.W.
                                    Washington, D.C. 20036
                                    Telephone:    202.664.1900
                                    Facsimile:    202.664.1920

                                  *Attorneys for Plaintiff Brian Hunter*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---------------------------------------------------------- x
:
BRIAN HUNTER, :
:
    Plaintiff, : 07 Civ. 1307 (RJL)
:
        v. :
:
:
:
:
FEDERAL ENERGY REGULATORY :
COMMISSION, :
:
:
:
:
    Defendant. :
---------------------------------------------------------- x

## **ORDER**

    It is this ___ day of _____, 2007, hereby

    **ORDERED** that Plaintiff's Consent Motion for Leave to File Memorandum is **GRANTED** and the attached Memorandum is deemed filed.

    **SO ORDERED.**

_____
Richard J. Leon
United States District Judge