UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN HUNTER, | : | |
| Plaintiff, | : | 07 Civ. 1307 (RJL) |
| v. | : | |
| FEDERAL ENERGY REGULATORY COMMISSION, | : | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | : | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

1

2

Plaintiff Brian Hunter, by and through his attorneys, Kobre & Kim LLP, hereby provides notice of a submission of supplemental authority in the above-captioned action.

Dated: October 3, 2007
     Washington, D.C.

                              Respectfully submitted,

                              KOBRE & KIM LLP

                              By: _____/s/_____
                                  Michael S. Kim
                                  Natalie Holme Elsberg
                                  Matthew I. Menchel
                                  Kobre & Kim LLP
                                  800 Third Avenue
                                  New York, New York 10022
                                  Telephone:   212.488.1200
                                  Facsimile:    212.488.1220

                                  Justin V. Shur (DC Bar No. 973855)
                                  Kobre & Kim LLP
                                  1919 M Street, NW
                                  Washington, D.C. 20036
                                  Telephone:   202.664.1900
                                  Facsimile:    202.664.1920

                                  *Attorneys for Plaintiff Brian Hunter*

# KOBRE & KIM LLP

1919 M STREET, N.W.
WASHINGTON, D.C. 20036
TEL 202.664.1900
FAX 202.664.1920

NEW YORK
WASHINGTON, D.C.

WWW.KOBREKIM.COM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL 212.488.1200
FAX 212.488.1220

October 3, 2007

Honorable Richard J. Leon
United States District Judge
United States District Courthouse
333 Constitution Avenue
Washington, D.C. 10007

   Re:  **Brian Hunter v. Federal Energy Regulatory Commission**
      Case No. 07 Civ. 1307 (RJL)

Dear Judge Leon:

  We write to submit our views regarding the decision Consolidated Gas Supply v. FERC, 611 F.2d 951 (4th Cir. 1979), that was provided to the Court by the Federal Energy Regulatory Commission ("FERC") at the conference on Monday, September 24. FERC's reliance on Consolidated Gas is completely misguided. In fact, the holding in that case undercuts FERC's argument and supports our position before Your Honor.

  As the Court is aware, our position is that FERC has no jurisdiction to bring an enforcement action against Brian Hunter, an individual trader alleged to have traded natural gas *futures*. By contrast, Consolidated was a "natural gas company" clearly subject to FERC regulation under the Natural Gas Act, 15 U.S.C. § 717 et seq., and whose rates, services, and facilities were subject to FERC regulation under that statute. The dispute in Consolidated Gas concerned not the issue of FERC's jurisdiction, but rather FERC's regulatory efforts (by way of preliminary administrative orders) to establish maximum annual and daily limits on

Hon. Richard J. Leon
October 3, 2007

Consolidated's sales of natural gas, (Id. at 953-954) which Plaintiff in that case had already conceded was within FERC's jurisdiction: "Consolidated . . . does not object to the Commission's assertion of jurisdiction." Id. at 958 fn. 6. Moreover, Consolidated had conceded FERC's jurisdiction to issue an order to show cause: "Consolidated concedes the jurisdiction of the Commission in these proceedings under the rule to show cause." Id. at 958.

Instead of a challenge to FERC's assertion of jurisdiction over a particular matter, which exists separate and apart from any orders to show cause that may be issued pursuant to such assertion, Consolidated objected to procedural deficiencies in the FERC's orders initiating the proceeding which allegedly denied legal rights provided under the Administrative Procedure Act ("APA") and the Commission's regulations.[1] Indeed, the court in Consolidated Gas was careful to recognize precisely how a challenge to the FERC's jurisdiction *differs* from that of Consolidated, and it explicitly distinguished Pepsico, Inc. v. F. T. C., 472 F.2d 179 which recognized the authority of a District Court to restrain an agency acting outside its statutory authority:

> There, the court sustained the district court's refusal to dismiss the plaintiff's injunctive action against an agency proceeding 'plainly beyond its jurisdiction'. . . That ground for district court jurisdiction to restrain an agency for acting beyond its statutory authority and jurisdiction, however, does not exist in this case, for Consolidated has conceded the Commission's jurisdiction.[2]

Consolidated Gas, 611 F.2d 960.

---

[1] Unlike the plaintiff in Consolidated Gas, Hunter has *not* moved under the APA or Section 19(b) of the Natural Gas Act which governs rehearing before the Commission, nor has Hunter argued that FERC's enforcement action against him by order to show cause is an "order" properly reviewable under Section 717(r)(b). Consolidated Gas, 611 F.2d 957. By the very terms of Section 19(b), that section applies only to final orders issued under that chapter. **Here, as in Brensdel, Hunter is challenging the FERC's assertion of jurisdiction, a final agency determination that was apparently arrived at without any hearing or "order", and which exists independently of the Order to Show Cause.**

[2] The court also distinguished Carolina Aluminum Co. v. Federal Power Commission, 97 F.2d 435 (4th Cir. 1938), which stated by way of dictum that, when there is no jurisdiction in the agency under the statute, an action in the district court might be instituted. Consolidated Gas, 611 F.2d 957.

2

Hon. Richard J. Leon
October 3, 2007

Consolidated Gas therefore stands for the proposition that a District Court will not review preliminary or procedural orders where the subject matter of such orders undisputedly falls within FERC's regulatory jurisdiction. By contrast, in this case it is clear that Amaranth Advisors is not, and never has been, a natural gas company under the Natural Gas Act, Hunter has never provided FERC jurisdictional services, and has never bought or sold physical natural gas at wholesale in interstate commerce. Thus, in a case such as this one where FERC has acted *ultra vires*, this Court has jurisdiction under 28 U.S.C. § 1331 to review "whether Congress intended to grant [FERC] the power to act against [Hunter] in the manner it has" — by issuing an order to show cause. Brendsel v. Office of Federal Housing Enterprise Oversight, 339 F.Supp.2d 52, 65 (D.D.C. 2004). Here, like the plaintiff in Brendsel, Hunter alleges that FERC "is acting entirely outside of it normal procedures and its statutory authority." Id. at 58. Unlike Consolidated Gas, Hunter is not "seeking to review the merits of … the … administrative proceedings." Id at 59. Instead, Hunter has argued that that FERC does not have jurisdiction to bring an enforcement action against him under the terms of the Natural Gas Act, and that enforcement concerning futures contracts on the New York Mercantile Exchange falls exclusively within the jurisdiction of the Commodities and Futures Trading Commission (the "CFTC").[3] Further, unlike the preliminary orders in Consolidated Gas, FERC has here made a

---

[3] In motion proceedings before the U.S. District Court for the Southern District of New York (in which Brian Hunter is not a movant) the CFTC has filed a brief agreeing with Hunter's position that the Commodities Exchange Act confers on CFTC exclusive jurisdiction over this matter and in direct opposition to the FERC's view that it has concurrent jurisdiction with the CFTC. See Plaintiff's Memorandum of Law, In Opposition to Defendants' Motion For A Preliminary Injunction Staying the Federal Energy Regulatory Commission dated September 28, 2007, Commodity Futures Trading Commission v. Amaranth Advisors L.L.C., et.al, pending Southern District New York, Case No. 07 Civ. 6682 (Chin, J.).

3

Hon. Richard J. Leon
October 3, 2007

final determination regarding its own authority to bring an enforcement action against Hunter, which is in excess of its statutory authority.[4]

The U.S. Court of Appeals for the D.C. Circuit has repeatedly recognized and affirmed the power of the district courts to review administrative and executive action in excess of delegated statutory authority for the purpose of "protecting the individual" from the "overweening power of a bureaucratic state." Dart v. United States, 848 F.2d 217, 218 (D.C. Cir. 1988). In Dart, plaintiff sought to overturn a decision by the Secretary of Commerce, imposing civil violations for breaches of the Export Administration Act. In addressing precisely the issue that Hunter has presented to this Court, it held that "the presumption of judicial review is particularly strong where an agency is alleged to have acted beyond its authority." Id. at 223 (citing Stark v Wickard, 321 U.S. 288, 310 ("The responsibility of determining the limits of statutory grants of authority ... is a judicial function entrusted to the courts ... to adjudicate cases and controversies as to claims of infringement of individual rights ... by the exertion of unauthorized administrative power.")). The court found that because the "order imposing sanctions ... exceeded the Secretary's authority," judicial review was proper. Id. at 219, 221-222. It therefore reversed the district court's decision denying jurisdiction, despite a provision explicitly providing that orders of the Secretary were "not subject to judicial review." Id.

---

[4] To decide whether FERC's determination of its own jurisdiction is final, this Court need only look to "whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties." Brendsel, 339 F.Supp.2d 59. FERC's determination of its jurisdiction over Hunter is "neither incomplete nor tentative." Id.

4

Hon. Richard J. Leon
October 3, 2007

Unlike the dispute in Consolidated Gas, which concerned proposed limitations on gas sales which were conceded to be within FERC's jurisdiction, the court here is presented with a discrete legal issue of statutory interpretation, unrelated to the facts of the case. Accordingly, we respectfully request that the Court disregard Consolidated Gas, as inapposite to the case before it.

            Respectfully submitted,

            KOBRE & KIM LLP

            By: _____/s/_____
                  Michael S. Kim
                  Matthew I. Menchel
                  Natalie Holme Elsberg
                  Kobre & Kim LLP
                  800 Third Avenue
                  New York, New York 10022
                  Telephone:   212.488.1200
                  Facsimile:    212.488.1220

                  Justin V. Shur (DC Bar No. 973855)
                  Kobre & Kim LLP
                  1919 M Street, N.W.
                  Washington, D.C. 20036
                  Telephone:   202.664.1900
                  Facsimile:    202.664.1920

            *Attorneys for Plaintiff Brian Hunter*

Cc:    Leslie B. Bellas, Esq.,
        Patrick Todd Mullins, Esq.,
        Federal Energy Regulatory Commission