UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HUNTER,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>    Defendant. | Civil Action No. CV07-1307 (RJL). |

## DEFENDANT'S SURREPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant, Federal Energy Regulatory Commission ("FERC"), submits this Surreply Memorandum in response to Plaintiff's Reply Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction ("Reply Mem."). In the Reply Mem. filed near midnight on Friday, August 3, Hunter raised a new argument that did not appear in his initial motion for preliminary injunction, memorandum in support, or supporting declarations. Hunter now contends that the FERC does not have jurisdiction to pursue an anti-manipulation enforcement action against him because he is a "natural person" and the FERC's anti-manipulation rule may only be enforced against "any entity." Reply Mem. at 8-14. First, as discussed in the FERC's Memorandum in Opposition to the Plaintiff's Motion for Preliminary Injunction, any challenge by Hunter against the

FERC's enforcement action at this stage is premature because it is not final agency action and would only be properly addressed in the Court of Appeals if it becomes final agency action. Moreover, as discussed below, Hunter's new argument regarding the interpretation of "entity" is without merit and cannot withstand scrutiny.

In Order No. 670, FERC's Order in which it adopted the regulation barring market manipulation, FERC stated:

> "Any entity" is a deliberately inclusive term. Congress could have used the existing defined terms in the NGA and FPA of "person," "natural gas company," or "electric utility," but instead chose to use a broader term without providing a specific definition. Thus, the Commission interprets "any entity" to include any person or form of organization, regardless of its legal status, function or activities.[1]

Although the FERC plainly stated in Order No. 670 its intention to interpret "entity" to include natural persons and no one appealed Order No. 670, Hunter now argues that the FERC was without power to interpret its own rule in this manner because this is greater authority than Congress granted. Reply Mem. at 8. But as shown below, the Commission has interpreted its authority in a manner completely consistent with the intent of Congress to prohibit market manipulation by any and all market participants. The most reasonable interpretation of the statutory term "entity" when read in the context of other recent statutory amendments to both the NGA and FPA is that the term "entity" includes natural persons. FERC's interpretation of the statute it is bound to administer is both correct and due substantial deference.

---

[1] *Prohibition of Energy Market Manipulation*, 71 Fed. Reg. 4,244, 4,248 at ¶ 18 (Jan. 26, 2006) (hereinafter, "Order No. 670" ) (footnotes omitted).

### A.     The Term "Entity" Should Be Broadly Construed

The relevant EPAct provision reads:

Sec. 4A. It shall be unlawful for *any entity*, directly or indirectly, to use or employ, in connection with the purchase or sale of natural gas or the purchase or sale of transportation services subject to the jurisdiction of the Commission, any manipulative or deceptive device or contrivance . . . *in contravention of such rules and regulations as the Commission may prescribe* as necessary. . . .[2]

Hunter argues that because "entity" is not defined in the Natural Gas Act ("NGA"), "entity" cannot be presumed to include natural persons. Reply Mem. at 10-12. To support his claim, Hunter offers selective dictionary definitions of "entity" that do not include natural persons within the definition of "entity." However, Hunter ignores other dictionary definitions of "entity," which, for example, is defined by The American Heritage Dictionary of the English Language, Fourth Edition, as "[s]omething that exists as a particular and discrete unit: *Persons* and corporations are equivalent entities under the law" (emphasis supplied).[3]

Because the general definition of "entity" is of course broad enough to include natural persons as well as business units and organizations, Hunter's fall-back argument is that EPAct's amendments to the Federal Power Act ("FPA") and the NGA do not

---

[2] Energy Policy Act of 2005 ("EPAct 2005"), Pub. L. No. 109-58, § 315, 119 Stat. 594, 691 (2005) (codified as an amendment to the Natural Gas Act ("NGA") at 15 U.S.C. §717c-1) (emphasis supplied).

[3] Similarly, the Thesaurus lists the following synonyms to "entity" being, *individual*, material, matter, object, stuff, substance. (Merriam-Websters Collegiate Thesaurus) (emphasis supplied).

provide for the NGA's anti-manipulation provision to apply to natural persons.[4] Reply Mem. at 11-12. But Hunter ignores the entirety of the NGA and FPA whereas a fair and comprehensive reading of the EPAct amendments to the FPA and NGA make it clear that Congress intended "entity" to be broadly construed to include natural persons.[5]

First, section 318 of EPAct added a new section to the NGA, entitled "Prohibition of Trading and Serving by Certain *Individuals*" that specifically allows for the prohibition of trading by individuals who engaged in anti-manipulative activities proscribed by its anti-manipulation section. In relevant part, Section 318 states:

> (d) In any proceedings under subsection (a), the court may prohibit, conditionally or unconditionally, and permanently or for such period of time as the court determines, *any individual* who is engaged or has engaged in practices constituting a violation of section 4A [EPAct's anti-manipulation provision] (including related rules and regulations) from—

---

[4] The FPA and NGA provisions are very similar in nature and are construed *in pari materia*. *See, e.g., Kentucky Utils. Co. v. FERC*, 760 F.2d 1321, 1325 n.6 (D.C. Cir. 1985) (stating that "[i]t is, of course, well settled that the comparable provisions of the Natural Gas Act and the Federal Power Act are to be construed *in pari materia*." (citations omitted)); *Sierra Ass'n for Environment v. FERC*, 791 F.2d 1403, 1406 n.2 (9th Cir. 1986) (stating that "[t]he relevant provisions of the Federal Power Act and the Natural Gas Act 'are in all material respects substantially identical.' Therefore, precedents under the Natural Gas Act apply with equal force to cases brought under the Federal Power Act." (citations omitted)). Plaintiff acknowledges this point in his Memorandum in Opposition since he purports to rely on provisions of the FPA. Reply Mem. at 12.

[5] *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132-133 (2000) (the meaning of statutory words become evident when placed in context and considered in the overall statutory scheme. The meaning of one statute may be affected by other Acts. "We must be guided to a degree by common sense as to the manner in which Congress is likely to delegate a policy decision of such economic and political magnitude to an administrative agency.") (citations omitted).

>  (1) acting as an officer or director of a natural gas company; or
>  (2) engaging in the business of –
>   (A)   the purchasing or selling of natural gas or . . .[6]

This newly added provision would make little sense, and in effect would be a nullity, if natural persons were not prohibited from engaging in anti-manipulative activities covered by section 4A of the NGA.[7]

Other examples of the use of the term "entity" can be found in other parts of the EPAct and confirm that the term includes persons. For example, section 1282 of EPAct created a new section 221 of the FPA prohibiting false statements, which reads as follows:

> No *entity* (including an entity described in section 201(f)) shall willfully and knowingly report any information relating to the price of electricity sold at wholesale or the availability of transmission capacity, which information *the person or other entity* knew to be false at the time of the reporting, to a Federal agency with intent to fraudulently affect the data being compiled by the Federal agency.[8]

---

[6] EPAct § 318, codified at 15 U.S.C. § 717s (emphasis supplied).

[7] *Dodd v. United States*, 545 U.S. 353, 358 (2005) (it is a basic canon of statutory construction that a statute should not be interpreted in such a manner as to nullify an entire section).

[8] EPAct § 1282, codified at 16 U.S.C. § 824u (emphasis supplied). *See also* section 1288 of EPAct that states in pertinent part:

> In proceedings under subsection (a), the court may prohibit . . . any *individual* who is engaged or has engaged in practices constituting a violation of section 221[false reporting provision quoted above in text] from acting as an officer or director . . .

EPAct § 1288, codified at 16 U.S.C. § 825m (emphasis supplied).

The only reasonable reading of this provision is that the first use of "entity" in this provision followed by the use of "or other entity" directly following "person" (defined as a person or a corporation) is that "entity" encompasses natural persons.[9] Finally, EPAct's anti-manipulation provision that added to the FPA (section 222) also uses the term "entity" in a manner showing the term includes persons:

> It shall be unlawful for *any entity* (*including an entity described in section 201(f)*), directly or indirectly, to use or employ, in connection with a purchase or sale of electric energy or the purchase or sale of transmission services subject to the jurisdiction of the Commission, any manipulative or deceptive device . . . .[10]

Section 201(f), in turn, refers to both governmental bodies and to persons. It states:

> No provision in this Part shall apply to, or be deemed to include, the United States, a State or any political subdivision of a State, or any agency . . . or any corporation . . . *or any officer, agent, employee of any of the foregoing* acting as such in the course of his official duty, unless such provision makes specific reference thereto[11]

Thus, this language also supports the conclusion that when Congress used the phrase "entity" in the EPAct anti-manipulation provisions, it intended to include persons as well as companies and governmental bodies. In sum, a complete and logical reading of EPAct shows that Congress knowingly used the term "entity" to broaden the FERC's

---

[9] *See United States v. Morton*, 467 U.S. 822, 828 (1984) (statutory phrases are not construed in isolation; instead the statute is read as a whole) (citations omitted).

[10] EPAct § 1283, codified at 16 U.S.C. § 824v (emphasis supplied).

[11] 16 U.S.C. § 824(f). By using the language referencing FPA Section 201(f) Congress eliminated an exception that would otherwise have applied. Notably, the NGA does not have an analog to FPA Section 201(f) so there was no need for Congress to add a corresponding clarifier as to which "entities" were covered in new Section 4A of the NGA, as discussed above.

jurisdiction to prevent and punish anti-manipulation in connection with jurisdictional transactions, which includes authority to enforce its anti-manipulation rules no matter the identity of the manipulator.[12]

### B. In Light of Congress' Broad Grant of Authority, FERC's Interpretation of Its Own Regulations Is Entitled to Substantial Deference.

Unlike situations where Congress enacts directly a prohibition, EPAct Section 315 handed to the FERC the authority to enact the anti-manipulation proscriptions to fulfill the Congressional mandate.  The most reasonable reading of Section 4A of the EPAct is that Congress conferred the broadest possible regulatory authority to the FERC when Congress hinged its own proscriptive language on the phrase "in contravention of such rules and regulations as the Commission may prescribe as necessary in the public interest or for the protection of natural gas ratepayers."  Thus, if there is any doubt as to the meaning of the statutory language, the FERC should be accorded the greatest degree of deference in its interpretation of its own regulations because Congress conferred on FERC broad authority to promulgate the actual proscriptive rules.[13]

---

[12] *American Dental Association v. Shalala*, 3 F.3d 445, 446 (D.C.Cir. 1993), relied on by Hunter at pages 12 to 13 of its Memorandum in Opposition is not to the contrary. Rather, in the relevant Act in that case "entity" was found to "refer[] uniformly to groups and organizations. Whenever the Act discusses individual persons, words such as 'physicians,' doctor,' . . .are consistently employed."  EPAct, on the other hand, uses entity through out its amendments to both the NGA and FPA to include natural persons.

[13] *Pauley v. BethEnergy Mines*, 501 U.S. 680, 697 (1991) (courts must defer to the agency entrusted by Congress to implement the highly complex and technical regulatory program) (citations omitted).

As noted, when FERC promulgated its implementing regulations, the FERC stated:

> "Any entity" is a deliberately inclusive term. Congress could have used the existing defined terms in the NGA and FPA of "person," "natural gas company," or "electric utility," but instead chose to use a broader term without providing a specific definition. Thus, the Commission interprets "any entity" to include any person or form of organization, regardless of its legal status, function or activities.[14]

FERC plainly stated in Order No. 670 its intention to interpret "entity" to include natural persons, and no one challenged FERC's interpretation of the term "entity." Because FERC's interpretation of its broad regulatory authority to protect natural gas ratepayers from manipulative or deceptive practices is not arbitrary and capricious, indeed is entirely reasonable given the remaining provisions of EPAct, the Court should accord the interpretation the maximum deference under *Chevron U.S.A., Inc. v. NRDC, Inc. et al.,* 467 U.S. 837 (1984), and its progeny, and conclude that Hunter is unlikely to succeed on the merits of his argument that he is not subject to the FERC's anti-market manipulation rule. "An agency will receive utmost deference if 'it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that agency interpretation claiming deference was promulgated in the exercise of that authority.'" *Apotex, Inc. v. FDA.*, No. 06-0627, 2006 U.S. Dist. LEXIS 20894, at *25-26 (D.D.C. Apr. 19, 2006) (applying *Chevron* and quoting *United States v. Mead*, 533 U.S. 218, 226-27 (2001)).

---

[14] Order No. 670 at ¶ 18 (footnotes omitted).

DATED: August 6, 2007                                    Respectfully submitted,


                                                                                       /s/ Jeffrey A. Taylor
OF COUNSEL                                               JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                         UNITED STATES ATTORNEY
SUSAN J. COURT
ROBERT E. PEASE
LEE ANN WATSON                                               /s/ Rudolph Contreras
                                                         RUDOLPH CONTRERAS,
                                                         DC Bar # 434122
                                                         Assistant United States Attorney



    /s/ Todd Mullins                                    /s/ Megan L. Rose
Todd Mullins (D.C. Bar # 429539)                         Megan L. Rose, NC Bar No. 28639
Leslie B. Bellas (D.C. Bar # 429707)                     Assistant United States Attorney
Justin Shellaway (D.C. Bar # 476170)                     Civil Division
Nicole Brisker (D.C. Bar # 480252)                       555 Fourth Street, N.W., E-4220
Federal Energy Regulatory Commission                     Washington, D.C. 20008
Office of Enforcement                                    (202) 514-7220
Division of Investigations                               Megan.Rose@usdoj.gov
888 First Street, NE
Washington, DC  20426
(202) 502-8594                                           Attorneys for Defendant.

9