UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HUNTER,<br><br>  Plaintiff,<br><br>      v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION,<br><br>  Defendant. | )<br>)<br>)  Civil Action No. CV07-1307 (RJL)<br>)<br>)<br>)  NOTICE OF RESPONSE TO<br>)  SUPPLEMENTAL AUTHORITY<br>)<br>)<br>)<br>)<br>) |

Defendant, The Federal Energy Regulatory Commission, hereby provides notice of its one-page Response to Plaintiff's Notice of Supplemental Authority.

DATED: October 4, 2007         Respectfully submitted,

                               SUSAN J. COURT
                               ROBERT E. PEASE
                               LEE ANN WATSON


                               _____/s/ Todd Mullins _____ _____
                               Todd Mullins (D.C. Bar # 429539)
                               Leslie B. Bellas (D.C. Bar # 429707)
                               Federal Energy Regulatory Commission
                               Office of Enforcement
                               Division of Investigations
                               888 First Street, NE
                               Washington, DC  20426
                               (202) 502-8594

                               Attorneys for Federal Energy Regulatory Commission

FEDERAL ENERGY REGULATORY COMMISSION
Washington, D.C. 20426

October 4, 2006

The Honorable Richard J. Leon
United States District Judge
United States District Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, D.C. 10007

Re: *Hunter v. FERC*, 07 Civ. 1307 (RJL)

Dear Judge Leon:

Given the amount of briefing in this matter that has already occurred, and the Court's admonishment at the August 7 hearing, it is with reluctance that I seek to briefly respond here to the letter filed yesterday by Mr. Kim, counsel for Mr. Hunter. The statements cited in Mr. Kim's letter from the *Consolidated Natural Gas* decision were dicta (about dicta in other cases that did not decide the question addressed here). As the *Consolidated* court noted, the *Carolina Aluminum* court expressly did not decide the issue of whether an agency action can be collaterally attacked merely because the challenger claims the agency lacked jurisdiction. Similarly, the *Pepsico* decision cited in a footnote in *Consolidated* was a *denial* of an order to stop agency action, and the discussion there (also dicta) concerned general *APA* review, not the type of *NGA* review at issue here and which was the basis for the ruling in *Consolidated*. The holding in *Consolidated* was that:

> "Section 19(b) of the Natural Gas Act . . . vests **exclusive** jurisdiction to review **all** the decisions of the Commission in the circuit court of appeals . . . there is **no area of review, whether relating to final or preliminary orders, available in the district court.** And this has been the uniform construction of the statute."

*Consolidated* at 957 (emphasis added)(citations omitted). The court in *Williams Natural Gas Co. v. City of Oklahoma*, 890 F.2d 255, 263 (10th Cir. 1989) applied the same rule even where the challenge was to FERC's jurisdiction. Similar holdings have obtained as to other agencies' statutes. *See Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 551 (D.C. Cir. 1992). Thank you for your consideration.

Respectfully Submitted,

/s/
P. Todd Mullins
Counsel for Defendant FERC

cc: Counsel of Record