UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HUNTER, | |
| Plaintiff, | 07 Civ. 1307 (RJL) |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

1

2

      Plaintiff Brian Hunter, by and through his attorneys, Kobre & Kim LLP, hereby provides notice of a submission of supplemental authority in the above-captioned action.

Dated: November 2, 2007
      Washington, D.C.

                                            Respectfully submitted,

                                            KOBRE & KIM LLP

                                  By:      /s/
                                            Michael S. Kim (pro hac vice)
                                            Matthew I. Menchel (pro hac vice)
                                            Natalie Holme Elsberg (pro hac vice)
                                            Justin V. Shur (DC Bar No. 973855)

                                            1919 M Street, N.W.
                                            Washington, D.C. 20036
                                            Telephone: 202.664.1900
                                            Facisimile: 202.664.1920

                                            *Attorneys for Plaintiff Brian Hunter*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| BRIAN HUNTER, | : | |
| Plaintiff, | : | 07 Civ. 1307 (RJL) |
| v. | : | |
| FEDERAL ENERGY REGULATORY COMMISSION, | : | **MEMORANDUM OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | : | |

---

**MEMORANDUM OF SUPPLEMENTAL AUTHORITY**

We submit this memorandum of law to respond to yesterday's submission by the Federal Energy Regulatory Commission ("FERC") as "supplemental authority" the decision by the Honorable Denny Chin in the Southern District of New York denying Amaranth Advisors LLC's ("Amaranth's") request for a preliminary injunction to delay the FERC's Order to Show Cause proceedings until after the CFTC civil action against Amaranth has been concluded (hereinafter "Chin Op."). As we have previously requested, this Court should nevertheless issue a declaratory judgment (and an injunction, if appropriate) rejecting the FERC's assertion of jurisdiction over this matter – an agency act that is completely separate from its pursuit of the Order to Show Cause and which was not directly at issue in the proceedings in New York involving Amaranth.

I. <u>The Issue Before Judge Chin Was Substantively Different from the Issue Before this Court; Accordingly Hunter Did Not Participate in that Motion and Such Order Does Not Directly Apply To The Instant Motion Before This Court</u>

The decision by Judge Chin is inapposite to this case. Due to the significant differences between Mr. Hunter's arguments before this Court, the arguments advanced by Amaranth and the matters to be determined by Judge Chin, Brian Hunter was not a party to Amaranth's application for a preliminary injunction before Judge Chin, and did not participate in that motion in any way. Nor did the FERC, which litigated the matter before Judge Chin, attempt to join Mr. Hunter in those proceedings.

The motion in New York, which was brought by Amaranth, was a request for Judge Chin to delay the FERC's Order to Show Cause proceeding and order the CFTC to proceed first. The motion concerned the question of the CFTC's primary jurisdiction and the efficient use of inter-agency resources. These issues have no direct bearing on the question before your Honor. Amaranth sought merely a <u>stay</u> of FERC's administrative proceeding pending the outcome of the suit in New York in order to avoid "inconsistent outcomes and to relieve Amaranth of the burden of defending itself in two different proceedings." (Chin Op. p. 2).

Amaranth did not directly ask the court to determine the limit of FERC's jurisdiction, and Judge Chin explicitly declined to decide the issue of FERC's jurisdiction. (Chin Op. p. 17). Brian Hunter, by contrast, has sought from Your Honor a declaratory judgment (and an injunction) seeking a ruling not on FERC's Order to Show Cause itself, but on FERC's very assertion of jurisdiction over the futures markets – an agency action that preceded the filing of the FERC Order to Show Cause and which exists independently from the Order to Show Cause proceedings. For example, FERC announced its assertion of jurisdiction over futures in May 2007, in the Order of Investigation purporting to investigate Brian Hunter and others. In

addition, the FERC repeated its assertion of jurisdiction in a Notice issued on July 20, 2007, prior to the issuance of the Order to Show Cause.  See Plaintiff's Memorandum of Points and Authorities In Response To Defendant's Opposition To Plaintiff's Motion For A Preliminary Injunction And Declaratory Relief dated August 3, 2007 at p. 1 & n. 1 (listing other examples that the FERC had already completed its determination of jurisdiction prior to any Order to Show Cause proceedings).

As the Court is aware, our position is that FERC has no jurisdiction at all (whether by Order to Show Cause or otherwise) over the actions of Brian Hunter, an individual trader alleged to have traded natural gas futures contracts, and further, that FERC's own determination of jurisdiction is *ultra vires*.  Amaranth's application in New York that the FERC's matter should be stayed or delayed pending the outcome of the CFTC's case for reasons of efficiency is therefore completely inapposite to Brian Hunter's position that FERC's very assertion of jurisdiction over him is illegal, unauthorized by statute and should be rejected in its entirety by a declaratory judgment from Your Honor.  Because Amaranth's argument in the Southern District of New York is contrary to Brian Hunter's position before this Court, Brian Hunter did not participate in that action (nor did FERC seek his participation), and should not be bound by that result.

   A. Judge Chin's Decision Rests on Amaranth's Challenge to an "Order" under Section 19(b) of the Natural Gas Act Which Is Not At Issue Before This Court

Amaranth's challenge before Judge Chin was to the FERC Order to Show Cause itself – in particular, the propriety of proceeding with the FERC Order to Show Cause in Washington, D.C. prior to the conclusion of the CFTC's civil enforcement action in New York.  Given that the challenge was to FERC OSC,  FERC took the position that Section 19(b) of the Natural Gas Act (the "NGA") barred District Court relief on Amaranth's application:

3

An examination of the actual language of Section 19(b) is instructive in this regard. Section 19(b) of the NGA provides:

> Any party to a **proceeding under this chapter aggrieved by an order** issued by the Commission **in such proceeding** may obtain a review of such order in the court of appeals of the United States for any circuit **wherein the natural-gas company** to which the order relates is located or has its principal place of business …….

15 U.S.C. §717r(b).  Emphasis added.

First, by its plain terms, Section 19(b) applies <u>only</u> to a "<u>proceeding</u> under [the relevant] chapter." <u>Id.</u>  FERC's decision that it has jurisdiction occurred before the Order to Show Cause proceedings, and apparently was arrived at without any proceedings whatsoever.  The FERC Order to Show Cause is merely the latest in a series of pronouncements by the FERC that it has jurisdiction over Hunter's actions in the futures markets.  <u>See</u> pp. 1-2 <u>supra</u>.

Second, also by its plain terms, Section 19(b) applies <u>only</u> to a challenge to a specific <u>order</u> issued by the Commission.  Again, FERC's assertion of jurisdiction here was final and articulated in various places prior to even the issuance of the Order to Show Cause.  Indeed, Hunter moved this Court to terminate FERC's action against him <u>prior</u> to the issuance of FERC's Order to Show Cause because Hunter's challenge is not to an administrative order, but instead, to FERC's prior determination of jurisdiction over him.  As a result, Hunter is <u>not</u> arguing before this Court that he is challenging the FERC's Order to Show Cause itself.  Indeed, because Hunter's challenge is to FERC's determination of jurisdiction which preceded the Order to Show Cause, Hunter has not made a submission to FERC under Section 19(b) of the NGA, which provides for rehearing of administrative orders.

In framing the issue as a review of an administrative "order" under the Natural Gas Act, the New York court relied on three cases, all of which are inapposite to Hunter's case before this

4

Court.[1]  In Merritt v. Shuttle, Inc., 245 F.3d 182, 187 (2d Cir. 2001), the court held that Federal Aviation Administration ("FAA") statute vesting judicial review of FAA administrative orders in a court of appeals did not divest the district court of jurisdiction to hear a claim under the Federal Tort Claims Act.  Importantly, the court recognized that that jurisdictional limit applied to only to "orders" that fell under the particular statutory delegation of authority granted to the Federal Aviation Administration: The statute "provides in relevant part that 'a person disclosing a substantial interest in an order issued … may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit . . .'"  Id. at 186.  Emphasis in the original.  Similarly, in Williams Natural Gas Co. v. City of Oklahoma City, 890 F.2d 255 (10th Cir. 1989), the 10th Circuit held that a "judicial review under §19(b) is exclusive in the court of appeals once the FERC certificate issues" and "a challenger may not collaterally attack the validity of a prior FERC order in a subsequent proceeding." Id. at 262.  Emphasis added.  Indeed, the NGA Section 19(b) "order" review procedure is properly applied to areas concerning natural gas that undisputedly fall within FERC's jurisdiction and are therefore for FERC to determine on the merits.[2]  As a result, Section 19(b) speaks of petitioning to a circuit court where the "natural gas company" is located or in the U.S. District Court for the D.C. Circuit.  Clearly, the scenario envisioned by Section 19(b) – orders issued pursuant to FERC Natural Gas Act "proceedings" – is inapplicable here.  There is no natural gas company involved – indeed, Hunter is not even a company.

---

[1] One of these is Consolidated Gas Supply Corp., v. FERC, 611 F.2d 951, 957 (4th Cir. 1979), which we distinguished in a letter to your Honor dated October 3, 2007.  Rather than repeat that discussion, we incorporate the arguments set forth in that letter here by reference.

[2] ONG, a competitor of Williams, which was a "natural gas company under the Natural Gas Act" challenged a FERC certificate of "public convenience and necessity" pursuant to § 7(c) of the NGA, 15 U.S.C. § 717f(c), permitting Williams to construct a twelve mile extension of an existing interstate pipeline for the transport of natural gas.  Id. at 257.  Clearly the matter of a pipeline for the transport of natural gas falls within the subject matter jurisdiction of FERC.  Unlike the parties in Williams, Amaranth is not, and never has been, a natural gas company under the Natural Gas Act, Hunter has never provided FERC jurisdictional services, and has never bought or sold physical natural gas at wholesale in interstate commerce.

5

As set out above, Hunter is not challenging an "order" under the NGA. In fact, Hunter brought this challenge to FERC's assertion of jurisdiction before FERC issued its OSC. As a result, even assuming for the purposes of argument that FERC's OSC were to be construed as an "order" under § 19(b) of the NGA, (which we believe to be incorrect as the Order to Show Cause was not issued pursuant to any "proceeding"), such avenue was unavailable to Hunter when he initially sought recourse from this Court. See Chamber of Commerce of U.S. v. Reich, 74 F.3d 1322 (C.A.D.C.,1996) (where review was unavailable at the time the action was brought because regulations had not yet been promulgated, and plaintiff was therefore unable to bring his case predicated on either a specific or a general statutory review provision, a non-statutory review action in District Court was available); citing Byse and Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action, 81 Harv. L. Rev. 308, 321 (1967).

Accordingly, the cases relied upon by Judge Chin in Amaranth's motion are inapposite to the issue concerning Hunter before this Court, and should be disregarded.

B. The Issue Before Judge Chin Involved The Merits of FERC's Enforcement Action Which Is Not At Issue Before This Court

In moving for a stay of FERC's action, Amaranth argued that FERC's action should be delayed to enhance efficiency and avoid inconsistent outcomes between the proceedings before Judge Chin and FERC.[3] As a result, in deciding Amaranth's motion, the New York court considered whether FERC's administrative proceeding would interfere with its jurisdiction to determine the merits of the case before it, concluding that it would not. (Chin Op. p. 11). Judge Chin wrote: "I am not persuaded that the FERC proceeding will "seriously impair" this Court's

---

[3] CFTC's action against Amaranth and others before Judge Chin alleges only *attempted* price manipulation with respect to natural gas futures contracts; Case No. 07 Civ. 6682. (Chin Op. p.1). As this Court is aware, FERC's action against Amaranth and others alleged *actual* manipulation of natural gas prices.

6

ability to reach and resolve the merits of the case before it, or that it will frustrate the administration of justice in the instant case." (Chin Op. p. 14)(emphasis added).

By contrast, Hunter's challenge in this Court does not concern the merits of FERC's underlying case, but presents instead the threshold question of law, namely, whether FERC has exceeded its powers in interpreting certain statutes to permit enforcement actions against futures traders. This Court therefore need not engage in any examination or determination of the alleged facts set forth in an administrative order under the NGA, or FERC's Order to Show Cause. Rather than the substance and merits of an administrative agency action, it is the proper construction of the Energy Policy Act of 2005 that is before this Court. See State of California ex.rel. State Water Resources Control Board v. F.E.R.C., 966 F.2d 1541, 1562 (9th Cir. 1992) ("It is difficult to postulate an issue more proper for judicial decision than that of the statutory authority of an administrative agency."). Hunter has argued that FERC's final determination regarding its own authority to bring an enforcement action against Hunter, is in excess of its statutory authority.[4] Accordingly, review by this court of FERC's determination of jurisdiction is proper. See Elmo Division of Drive-X Co. v. Dixon, 348 F.2d 342, 344-45 (C.A.D.C. 1964) (permitting district court review where the appellant did not seek "review of any substantive determination made" by the Federal Trade Commission, and citing Skinner & Eddy Corp. v United States, 249 U.S. 557 (1919) (Brandeis, J.): "The Supreme Court sustained District Court jurisdiction to enjoin the [Commission]. . . since the complaint alleged that the Commission had exceeded its powers and, like appellant's complaint … made no claim that the Commission had

---

[4] To decide whether FERC's determination of its own jurisdiction is final, this Court need only look to "whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties." Brendsel v. OFHEO, 339 F.Supp. 2d 52, 59 (D.D.C. 2004). FERC's determination of its jurisdiction over Hunter is "neither incomplete nor tentative."

erred in consideration of the merits of a substantive issue consigned to it for initial determination.")

The U.S. Court of Appeals for the D.C. Circuit has repeatedly recognized and affirmed the power of the district courts to review *ultra vires* administrative and executive action. Accordingly, we respectfully request that this Court rule as expeditiously as the Court's calendar permits to limit the ongoing harm being caused to Brian Hunter by FERC's *ultra vires* assertion of jurisdiction.

Dated: November 2, 2007
       Washington, D.C.

                          Respectfully submitted,

                          KOBRE & KIM LLP

                          By:     /s/
                              Michael S. Kim (pro hac vice)
                              Matthew I. Menchel (pro hac vice)
                              Natalie Holme Elsberg (pro hac vice)
                              Justin V. Shur (DC Bar No. 973855)

                              1919 M Street, N.W.
                              Washington, D.C. 20036
                              Telephone: 202.664.1900
                              Facisimile: 202.664.1920

                              *Attorneys for Plaintiff Brian Hunter*