UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRIAN HUNTER,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION,<br><br>    Defendant. | )<br>)<br>)  Civil Action No. CV07-1307 (RJL).<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, the Federal Energy Regulatory Commission (hereinafter "FERC" or "the Commission"), by the undersigned counsel, respectfully moves to dismiss the claim against it for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6). Before filing this motion, counsel for FERC conferred with counsel for Plaintiff as to whether Plaintiff would voluntarily dismiss this action, in light of this Court's denials of Plaintiff's motions for temporary restraining order and preliminary injunction. Plaintiff declined to dismiss this action.

Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. that FERC's Order to Show Cause is an improper assertion of jurisdiction. Because FERC's Order to Show Cause alleges violations of the Natural Gas Act, 15 U.S.C §§ 717 *et seq*., plaintiff is required to first seek rehearing of FERC's Order by FERC and then seek judicial review of that order in the U.S. Court of Appeals. He has not done so. Furthermore, FERC's action does not constitute reviewable final agency action and is not ripe for judicial review. For these reasons, the Court lacks jurisdiction. In addition, for these and

2

other reasons, this case does not present an appropriate circumstance for the Court to exercise its *discretion* to entertain a declaratory judgment claim. Accordingly, the complaint must be dismissed.

      A memorandum of points and authorities in support of this Motion is attached.

December 21, 2007                                        Respectfully submitted,

                                                                     /s/

Todd Mullins (D.C. Bar # 429539)
Leslie B. Bellas (D.C. Bar # 429707)
Justin Shellaway (D.C. Bar # 476170)
Federal Energy Regulatory Commission
Office of Enforcement
Division of Investigations
888 First Street, NE
Washington, DC  20426
(202) 502-8594

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HUNTER,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>    Defendant. | Civil Action No. CV07-1307 (RJL). |

**DEFENDANT FEDERAL ENERGY REGULATORY COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## I.    INTRODUCTION

Defendant Federal Energy Regulatory Commission (hereinafter "FERC" or "the Commission") submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss under Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6). The Court having ruled on many of the pertinent issues in its opinion denying Plaintiff Brian Hunter's ("Hunter") motion for a preliminary injunction (Memorandum Opinion dated December 10, 2007 (herein "PI Opinion")), and thus disposing of Count II seeking a preliminary injunction and temporary restraining order, the remaining Count I claim under the Declaratory Judgment Act challenging FERC's Order to Show Cause ("OSC") enforcement proceeding should now be dismissed for several reasons.

First, this Court is without jurisdiction to grant Hunter's requested relief because his complaint was filed in the wrong court. The Natural Gas Act ("NGA"), under which the OSC was issued, requires that judicial review of FERC orders lies in the United States Court of Appeals. Second, Hunter failed to undertake a statutorily required jurisdictional prerequisite for judicial review under the NGA: to seek rehearing by the Commission. Hunter seeks to circumvent the jurisdictional requirement to exhaust his administrative remedy by seeking a declaratory judgment that FERC's action is *ultra vires*. But this he cannot do. Should FERC issue another order pursuant to the OSC enforcement action, Hunter can avail himself of the Congressionally-mandated process for judicial review. Finally, even if jurisdiction somehow existed, this case does not present an appropriate circumstance for the Court to exercise its discretion to entertain a prayer for a declaratory judgment. For all of these reasons, the complaint should be dismissed.

## II.  BACKGROUND

Given the Court's familiarity with the background of this matter, as reflected in the Court's PI Opinion, FERC provides only a brief summary of the background.

### A.  Procedural History

Following a year-long investigation of trading of Natural Gas Futures Contracts on the New York Mercantile Exchange ("NYMEX") by Hunter on behalf of the Amaranth hedge fund, FERC notified Hunter by letter dated July 19, 2007 that FERC would include certain non-public information Hunter had provided during the course of FERC's investigation in a FERC Order to Show Cause ("OSC").  Order to Show Cause, 120 FERC ¶ 61,085 at ¶¶ 55, 57, 61; *see also* Declaration of Justin V. Shur at ¶ 4 (submitted with the Motion for Temporary Restraining Order, Motion for Preliminary Injunction, at Docket Entry # 2).  On July 23, 2007, Hunter filed the instant declaratory judgment action along with an *ex parte* application for a temporary restraining order ("TRO") and Preliminary Injunction to prohibit FERC from initiating an enforcement action against him by issuing the OSC.  Following a hearing on July 24, this Court denied Hunter's motion for a TRO.  FERC issued the OSC on July 26.  After the motion for preliminary injunction was fully briefed and argued, this Court issued the PI Opinion on December 10, 2007, denying Hunter's motion for preliminary injunction.  In so doing, the Court touched upon many of the bases that are now relevant to dismissal of the action in its entirety, including issues of jurisdiction, finality, and factors that bear on whether the Court should exercise discretion to entertain a declaratory judgment action.  *See* discussion below at § III.C.

The Order to Show Cause made preliminary findings that Hunter's manipulative trading impacted the natural gas markets and provided Hunter, and all respondents, the opportunity to respond to these preliminary findings.  All respondents, including Hunter, were granted

extensions providing more than four and half months to answer the Order to Show Cause. While, in the interim, some respondents filed with the Commission a request for rehearing of the OSC's conclusions that the Commission has jurisdiction, Hunter did not file a request for rehearing with FERC.

On December 14, 2007, all respondents, including Hunter, answered the OSC. FERC may now set certain issues for a paper hearing or live trial-type proceeding, with full discovery before an administrative law judge ("ALJ"), request a recommendation or report from an ALJ, issue an order on the merits, or provide any other process that would justly and efficiently resolve the matter. OSC at ¶ 1 & n.7. At the conclusion of that process, FERC will issue a final order on the matter. Once that order issues, respondents may seek rehearing if appropriate, and upon any denial of same can seek a review of the matter in the Court of Appeals.

  **B.**  **Related Actions**

While Hunter's motion for preliminary injunction was pending in this Court, another respondent to the OSC, Amaranth Advisors LLC, sought similar relief from the U.S. District Court for the Southern District of New York, *CFTC v. Amaranth, et al.*, Civ. Action No. 07-6882. Like Hunter, Amaranth sought to enjoin FERC, which is not a party to the CFTC action, from proceeding with its OSC on the ground that the Commission lacks jurisdiction to regulate market manipulation that affects its jurisdictional markets. In an opinion dated November 1, 2007 (and supplied by FERC to this Court shortly thereafter), the U.S. District Court for the Southern District of New York denied Amaranth's motion. *CFTC v. Amaranth Advisors, et al.*, 07-CV-6682 (S.D.N.Y. July 25, 2007) (filed in this action as supplemental authority at Docket No. 39).

On December 3, 4, and 5, the Amaranth Entities and Matthew Donohoe filed with the U.S. Court of Appeals for D.C. Circuit petitions for review of the Commission's order denying the requests for rehearing and emergency requests to stay the Commission's administrative proceeding pending the Court of Appeals review, and for expedited review. *Amaranth Advisors L.L.C., et al. v. FERC*, 07-1491 (D.C. Cir. Dec. 13, 2007).

In sum, a number of respondents to the OSC have sought to circumvent the agency process and normal judicial review paths. The present declaratory judgment claim is more of the same.

### III.  ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (quoting *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006)). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id.* at 42-43 (alteration in original) (quoting *Abu Ali v. Gonzalez*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005)). Absent jurisdiction, the case must be dismissed. In addition, under Rule 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears, assuming the alleged facts to be true and drawing upon all inferences in the plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).[1]

---

[1] FERC is not briefing here the merits of its jurisdiction that Hunter's complaint attacks, but is only setting forth Rule12 jurisdictional and prudential bases for the Court to dismiss the complaint. If this Court were to deny FERC's motion to dismiss, FERC would proceed to

4

Hunter cannot establish this Court's jurisdiction for his complaint and therefore may not seek relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*. "The Declaratory Judgment Act … does not afford an independent basis for jurisdiction. It has to do with the kind of relief which might be available and not with jurisdiction." *Continental Bank and Trust Co. v. Martin*, 303 F.2d 214, 215 (D.C. Cir. 1962). Jurisdiction is an independent and primary requirement before the notion of a declaratory judgment may be considered.

"Federal courts are courts of limited jurisdiction that may exercise only those powers authorized by the Constitution and statute." *Royster-Clark Agribusiness, Inc. v. Johnson*, 391 F. Supp. 2d 21, 23 (D.D.C. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Absent jurisdiction, a court lacks authority to declare the law and, therefore, must dismiss the action. *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citations omitted)). As the Court noted in the PI Opinion, Hunter has not "demonstrated that this Court has the necessary jurisdiction in this matter." PI Opinion at 11. Hunter has challenged FERC's authority in the wrong court; challenges to FERC's orders under the Natural Gas Act may be heard only in the Court of Appeals. Second, Hunter did not undertake the jurisdictional prerequisite for judicial review of seeking rehearing before the Commission. Finally, even if this Court finds it has jurisdiction, the Court should exercise its discretion to dismiss the complaint.

### A.    Jurisdiction to Review a FERC Order Lies Exclusively with the Court of Appeals

"It can hardly be doubted that Congress, acting within its constitutional powers, may prescribe the procedures and conditions under which, and the court in which, judicial review of

---

respond to the merits of the complaint as appropriate, including issues surrounding FERC's jurisdiction over Hunter's alleged conduct.

administrative orders may be had."[2]  This Court, and a sister U.S. District Court, have both recognized this principle.  The Court observed in its PI Opinion:

> as FERC appropriately argues, any challenge to the OSC is properly made in the court of appeals pursuant to § 19(b) of the NGA, which provides for review of FERC's orders in a court of appeals.  (Def.'s Opp'n at 18-19.)  Indeed, in *Commodity Futures Trading Commission v. Amaranth Advisors, LLC,* Civil No. 07-6682 (S.D.N.Y. Nov. 1, 2007) (Order), Judge Chin recently rejected a similar jurisdictional argument raised by Hunter's co-defendant (*i.e.*, Amaranth) in a challenge to FERC's authority in the context of the CFTC enforcement action in the Southern District of New York.  Judge Chin concluded, among other things, that to the extent Amaranth seeks to challenge FERC's jurisdiction, that challenge should be brought in the circuit court, not district court.  *Id.* at 15.

In Section 19(b) of the NGA, Congress provides that the exclusive avenue for judicial review of FERC orders (which the OSC unquestionably is) is in the Court of Appeals.  The statute provides in pertinent part:

> Any party to a proceeding under this Act [15 USCS §§ 717 et seq.] aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the [circuit] court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part.[3]

Judicial review of FERC orders involving violations of the Natural Gas Act, including statutory interpretation of the scope of FERC's authority under the new anti-market manipulation provisions, may be obtained only from the United States Court of Appeals.  15 U.S.C. § 717r(b) (2005);  *Williams Natural Gas Co. v. The City of Oklahoma*, 890 F.2d 255, 262-63, and 262 n. 8 (10th Cir. 1989) (under 19(b) of the NGA, judicial review of a FERC order is exclusive within the court of appeals and a collateral trial court challenge to a FERC order could not be entertained); *see also Williston Basin Interstate Pipeline Co. v. FERC,* 475 F.3d 330, 334 (D.C.

---

[2] *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

[3] 15 U.S.C. § 717r(b) (2005).

6

Cir. 2006) (Section 19(b) of the NGA provides that a party aggrieved by a FERC order and seeking review must first apply for a rehearing of a FERC order, then upon application of rehearing, must file for any review in the appropriate court of appeals).

Hunter seeks review of FERC's OSC, which initiates its enforcement action against Hunter and others. Complaint Count I, ¶¶ 59, 60 (challenging FERC's "enforcement action by against (sic) Plaintiff by OSC" which allegedly "requires a purely legal determination by this Court of FERC's enforcement power under the Energy Policy Act"). While the request before this Court involves a FERC order initiating an administrative proceeding rather than concluding one after consideration of rehearing petitions, it nevertheless involves review of a FERC order that in turn can be had only in a court of appeals. "Where statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's *future* jurisdiction is subject to the exclusive review of the Court of Appeals." (emphasis added).[4] Importantly, in *Williams*, the Court observed that the prohibited collateral attack, as here, "ultimately challenges FERC's determination of its own jurisdiction" but those arguments must be raised on appeal from FERC order. 890 F.2d at 269. A very similar case was presented in *Consolidated Natural Gas Corp. v. FERC*, 611 F.2d 951 (4th Cir. 1979). In *Consolidated*, the natural gas company filed a district court action seeking to restrain a FERC Order to Show Cause proceeding. In vacating the district court judge's grant of the injunction, the Court of Appeals held that Section 19(b) of the Natural Gas Act "vests *exclusive* jurisdiction to review all

---

[4] *In re FCC*, 217 F.3d 125, 141 n. 10 (2d Cir. 2000) (quoting *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70, 78-9 (D.C. Cir.1984)); *see also The Times Mirror Co. v. FTC,* No.78-3422, 1979 U.S. Dist. LEXIS 11738 (C.D. Cal. June 13, 1979) (court denied The Times Mirror's motion for preliminary injunction to enjoin the FTC's administrative action on the ground that the FTC lacked subject matter jurisdiction because the FTC administrative proceedings should be exhausted, The Times Mirror would have ample opportunity to present its position to the agency, and any final decision by the FTC would be subject to review by the Court of Appeals).

decisions of the Commission in the circuit court of appeals." *Id.* at 957 (emphasis added) (citations omitted). Thus, the "district court was without jurisdiction to interfere with the Commission's proceedings . . . " *Id.* at 958. Moreover, the court noted that *even the Court of Appeals* could not ordinarily review procedural or preliminary FERC Orders before administrative remedies had been exhausted (as argued more fully *infra*) and "even more so the district court may not review such orders." *Id.* at 957. Hunter should not be permitted to seek in this forum for the relief he can only properly seek in front of the Commission and ultimately in the Court of Appeals.

A Declaratory Judgment Act case should be dismissed if there is no jurisdiction. *Cadillac Publishing Co., Inc. v. Summerfield*, 227 F.2d 29, 30 (D.C. Cir. 1955) (affirming dismissal of declaratory judgment action, stating, "Appellant gains nothing in his attempt to rely upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (1952), for that Act was never intended to confer jurisdiction where none exists.") (citation omitted); *Continental Bank and Trust Co. v. Martin*, 303 F.2d 214, 215 (D.C. Cir. 1962). Hunter's request for declaratory judgment that FERC lacks jurisdiction to proceed with the OSC enforcement action self-evidently requires review of FERC's OSC. Thus, Hunter's complaint must be dismissed because the NGA specifies that only a Court of Appeals has jurisdiction to address Hunter's challenges to the OSC.

8

### B. The Court Lacks Jurisdiction Because Hunter Did Not Exhaust His Administrative Remedies

Section 19 of the NGA makes clear, and the cases state, that as a prerequisite to court review, an aggrieved party must first seek a rehearing by the Commission.[5] This requirement to exhaust the administrative remedy provided by Congress is an additional jurisdictional barrier to Hunter's current court action.

The Court of Appeals found that the following language in the Federal Power Act, which is identical to that in the Natural Gas Act, created an exhaustion requirement that is mandatory to establishing jurisdiction:

> No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon. . . . No objection to the order of the Commission shall be considered by the court [of appeals] unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure to do so.

*Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (citing Federal Power Act, 16 U.S.C. § 8251 and *Platte River Whooping Crane Critical Habitat Maint. Trust v. FERC* (*Platte River*), 876 F.2d 109, 112-13 (D.C. Cir. 1989)); NGA, 15 U.S.C. § 717r(a)-(b). The jurisdictional requirements of the Federal Power Act and the Natural Gas Act are identical. *Platte River*, 876 F.2d at 113. *See also Federal Power Comm'n v. Colorado Interstate Gas Co.*, 348 U.S. 492, 497-99 (1955) (person aggrieved by order by [FERC's predecessor] Commission under NGA must apply for rehearing, exhausting its administrative remedies before seeking judicial review). Hunter did not request rehearing of the OSC at the Commission, which

---

[5] *Williston Basin Interstate Pipeline Co. v. FERC,* 475 F.3d 330, 334 (D.C. Cir. 2006); *Southern Natural Gas Co. v. FERC*, 877 F.2d 1066, 1072 (D.C. Cir. 1989) (Section 19(b) of the NGA requires a person aggrieved by a FERC order to first petition the Commission for rehearing before petitioning the Court of Appeals for review).

9

Congress has mandated as the only avenue by which he may seek judicial review (by the Court of Appeals).[6] *See Public Service Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241(1952) ("[T]he declaratory judgment procedure will not be used to pre-empt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review."). Moreover, for similar reasons, this Court has already determined that the OSC is not reviewable. PI Opinion at 13.

### C. Even If This Court Finds It Has Jurisdiction, the Court Should Exercise Its Discretion under the Declaratory Judgment Act to Dismiss the Complaint

The Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" where there is a case of actual controversy in front of an appropriate court. *Public Service Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 294-95 (1952). Courts have held that declining to entertain a declaratory judgment action is in the sound discretion of the district court and is appropriate where, for example, the challenged action is not final or the claim is unripe. *Continental Bank and Trust Co. v. Martin*, 303 F.2d 214, 215, 218-19 (D.C. Cir. 1962) (affirming dismissal of suit for declaratory judgment because agency order did not have requisite finality for judicial review); *Toilet Goods Assoc., Inc. v. Gardner*, 387 U.S. 158, 160-61 (1967) (DJA suit dismissed where controversy was not ripe for adjudication). Given all the facts and circumstances here, the Court should exercise its discretion not to review Hunter's complaint.

FERC has taken no final agency action affecting Brian Hunter. As the Court recognized in its PI Opinion, the issuance of the OSC is "not a final agency action" because FERC has not

---

[6] In contrast, several of Hunter's co-respondents sought rehearing and subsequently appealed the Commission's determination on the rehearing request to the Court of Appeals. Those petitions for review, which raise the same jurisdictional challenge as Hunter to FERC's authority to regulate manipulation of Natural Gas Futures that affect FERC's jurisdictional markets, are currently pending in the D.C. Circuit Court of Appeals.

yet imposed any obligation, denied any right, or fixed some legal relationship. PI Opinion at 13; *See also id* at 11; *FTC v. Standard Oil Co.*, 449 U.S 232, 240-41 (1980) (issuance of a complaint averring reason to believe that respondent violated the statute is not final agency action, but a determination that adjudicatory proceedings will commence);[7] *Royster-Clark Agribusiness,* 391 F. Supp. 2d 21, 27-28 (D.D.C. 2005) (a notice of violation ("NOV") is not final agency action because it is the first step in the enforcement process and considerable enforcement discretion remains after the NOV is issued).[8]

For the same reasons, the contentions in Hunter's complaint are not yet fit for review, and are thus unripe. Moreover, there is no immediate, direct, or significant hardship to Hunter in undertaking the Congressionally-dictated methods of administrative and judicial review. *See Beverly Enter., Inc. v. Herman*, 50 F. Supp. 2d 7, 13 (D.D.C. 1999). Indeed, as the Court recognized in denying Hunter's motions for TRO and preliminary injunction, Hunter is not suffering irreparable harm from the operation of FERC's administrative process. *See* PI Opinion at 7-11. In contrast, FERC enforcement program and the public interest would be substantially harmed if the Court chose to intervene now in FERC's administrative process. Were the Court to interrupt mid-stream FERC's well-established enforcement process by ruling on the matters in

---

[7] Judicial review of FERC's enforcement action could be unnecessary if FERC determines that Hunter did not violate the relevant statutory and regulatory provisions. Under this scenario, Hunter may have no reason to seek judicial review. *Beverly Enter., Inc. v. Herman*, 50 F. Supp. 2d 7, 12 (D.D.C. 1999).

[8] Moreover, the Court also found that Hunter's action is not a purely legal jurisdictional question that could warrant judicial review at this time. PI Opinion at 11-13. The Court also held that Hunter had failed to demonstrate that FERC's action is sufficiently outside its statutory authority (*i.e.*, *ultra vires*) to be likely to succeed on the merits, particularly in light of Congress's expansion of FERC's enforcement authority in EPAct 2005. PI Opinion at 13 n.6. This Court's finding that Hunter is unlikely to succeed on the merits is another factor suggesting that the Court should exercise its discretion to stay its hand and that dismissal is appropriate. *See* PI Opinion at 11-13.

Hunter's complaint at this time, FERC will be frustrated in pursuing its statutory mandate to investigate deception, manipulation, deceit and fraud and prevent further policing of the energy markets. *Greater New York Hosp. Ass'n v. United States*, No. 98 Civ. 2741, 1999 U.S. Dist. LEXIS 17391, at *33 (S.D.N.Y. Nov. 9, 1999) (balance of equities favors government's enforcement interests over pre-enforcement adjudication);[9] OSC ¶ 140.

### IV.    CONCLUSION

Hunter's declaratory judgment action should be dismissed. The Court does not have jurisdiction to adjudicate the complaint. The NGA expressly requires that such review occur in the United States Court of Appeals. It also requires Hunter to seek rehearing of FERC orders, which Hunter did not do. Even if this Court finds it has jurisdiction, it should exercise its discretion not to grant declaratory relief and dismiss this case.

---

[9] The public interest would also benefit from postponing judicial review until all facts regarding Hunter's conduct have been collected and FERC can make a merits decision based on a complete record (a decision which will be subject to the further opportunity for rehearing under the NGA) as to whether Hunter's manipulation of Natural Gas Futures Contracts settlement price affected natural gas transactions that are within FERC's jurisdiction. *See FTC v. Standard Oil Co.*, 449 U.S at 242-3 (premature judicial intervention into the agency process denies FERC the opportunity to exercise its expertise and correct any errors and would delay resolution of the central issue of whether a person violated the law) (citing *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975)); *Cronin v. FAA*, 73 F.3d 1126, 1131 (D.C. Cir. 1996) (court denied petition to challenge regulations until after the FAA has the opportunity to enforce the regulations and it is clear that judicial intervention is required).

12

December 21, 2007                                    Respectfully submitted,


                                                /s/
                                  Todd Mullins (D.C. Bar # 429539)
                                  Leslie B. Bellas (D.C. Bar # 429707)
                                  Justin Shellaway (D.C. Bar # 476170)
                                  Federal Energy Regulatory Commission
                                  Office of Enforcement
                                  Division of Investigations
                                  888 First Street, NE
                                  Washington, DC  20426
                                  (202) 502-8594

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIAN HUNTER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **FEDERAL ENERGY REGULATORY** ) <br> **COMMISSION,** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No. CV07-1307 (RJL).** |

## ORDER

For the reasons set forth in the Memorandum Opinion above, it is this ___ day of

_____, 2008, hereby

**ORDERED** that the defendant's Motion to Dismiss [#43] is **GRANTED**, and it is

further

**ORDERED** that this case be dismissed.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Court Judge