UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------x
:
BRIAN HUNTER,                    :
                                 :
Plaintiff,                       :    07 Civ. 1307 (RJL)
                                 :
v.                               :
                                 :
FEDERAL ENERGY REGULATORY        :
COMMISSION,                      :
                                 :
Defendant.                       :
                                 :
---------------------------------x

**PLAINTIFF BRIAN HUNTER'S CROSS-MOTION FOR DECLARATORY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq.*, Plaintiff Brian Hunter, by and through his attorneys, Kobre & Kim LLP, hereby moves the Court for entry of an Order granting declaratory judgment to Plaintiff with respect to the following issues:

1) The Federal Energy Regulatory Commission's assertion of jurisdiction over trading of energy commodities for future delivery is in conflict with the provisions of the Energy Policy Act, and the Natural Gas Act, 15 U.S.C. §§ 717, *et seq.*

2) The Federal Energy Regulatory Commission's assertion of jurisdiction over trading of energy commodities for future delivery is in conflict with the Commodity Exchange Act, 7 U.S.C. § 2.

3) The Federal Energy Regulatory Commission is enjoined from proceeding with any enforcement action against Plaintiff.

2

Pursuant to Local Civil Rules 7 and 56.1, Plaintiff respectfully submits the attached memorandum of points and authorities, the accompanying declaration of Justin V. Shur, a statement of material facts as to which there is no genuine issue, and a proposed order.

Dated: January 7, 2008
      Washington, D.C.

                        Respectfully submitted,

                        KOBRE & KIM LLP

By:     /s/
    Michael S. Kim
    Matthew I. Menchel
    Natalie Holme Elsberg
    Kobre & Kim LLP
    800 Third Avenue
    New York, New York 10022
    Telephone:    212.488.1200
    Facsimile:    212.488.1220

    Justin V. Shur (D.C. Bar #973855)
    Kobre & Kim LLP
    1919 M Street, N.W.
    Washington, D.C. 20036
    Telephone:    202.664.1900
    Facsimile:    202.664.1920

    *Attorneys for Plaintiff Brian Hunter*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------x
:
BRIAN HUNTER, :
:
Plaintiff, : 07 Civ. 1307 (RJL)
:
v. :
:
FEDERAL ENERGY REGULATORY :
COMMISSION, :
:
Defendant. :
:
---------------------------------------------------------x

## ORDER

For the reasons set forth in the Memorandum Opinion entered this date, it is this ___ day of _____, 2008, hereby

**ORDERED** that Plaintiff's Cross-Motion for Declaratory Judgment [#44] is **GRANTED**, and it is further

**ORDERED** that the Federal Energy Regulatory Commission's assertion of jurisdiction over trading of energy commodities for future delivery is in conflict with the provisions of the Energy Policy Act, and the Natural Gas Act, 15 U.S.C. §§ 717, *et seq.*, and it is further

**ORDERED** that the Federal Energy Regulatory Commission's assertion of jurisdiction over trading of energy commodities for future delivery is in conflict with the Commodity Exchange Act, 7 U.S.C. § 2, and it is further

1

2

**ORDERED** that the Federal Energy Regulatory Commission is enjoined from proceeding with any enforcement action against Plaintiff.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Court Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------------x
:
BRIAN HUNTER, :
:
Plaintiff, : 07 Civ. 1307 (RJL)
:
v. :
:
FEDERAL ENERGY REGULATORY :
COMMISSION, :
:
Defendant. :
:
---------------------------------------------------------------x

**STATEMENT IN SUPPORT OF
PLAINTIFF BRIAN HUNTER'S CROSS-MOTION FOR DECLARATORY JUDGMENT**

Plaintiff Brian Hunter ("Hunter") submits this statement of material facts as to which he contends that there is no genuine issue, pursuant to Rules 7 and 56.1 of the Local Civil Rules of the United States District Court for the District of Columbia, in support of Hunter's cross-motion for declaratory judgment.

*FERC Jurisdiction*

1. On August 8, 2005, Congress passed the Energy Policy Act of 2005 ("EPAct") and created a new enforcement role for the Federal Energy Regulatory Commission ("FERC"). In relevant part, the Natural Gas Act ("NGA"), as amended by the EPAct, provides:

   > It shall be unlawful for any entity, directly or indirectly, to use or employ, in connection with the purchase or sale of natural gas…subject to the jurisdiction of the [FERC], any manipulative or deceptive device or contrivance.

   See 15 U.S.C. § 717c-1.

2. On October 12, 2005, FERC and the Commodity Futures Trading Commission ("CFTC") negotiated a Memorandum of Understanding Regarding Information Sharing And Treatment of Proprietary Trading And Other Information, affirming the CFTC's exclusive jurisdiction to regulate natural gas futures trading. The MOU states that the CFTC has "exclusive jurisdiction with respect to…transactions involving contracts of sale of a commodity for future delivery, including…natural gas." See Declaration of Justin V. Shur, sworn to January 7, 2008 ("Shur Decl."), Exhibit A.

3. On January 19, 2006, FERC issued Order 670, 114 FERC ¶ 61,047, known as FERC's "Anti-Manipulation Rule," implementing the language of 15 U.S.C § 717c-1. See Shur Decl., Exhibit B.

2

4. In Order 670, FERC states that "the [Anti-Manipulation] Rule is not intended to regulate negligent practices or corporate mismanagement, but rather to deter or punish fraud in wholesale energy markets;" that the rule "does not, and is not intended to, expand the types of transactions subject to [FERC's] jurisdiction under the…NGA…" and that its "jurisdiction is limited to certain wholesale transactions that remain within the ambit of the NGA, [the Natural Gas Policy Act of 1978], and FPA."

5. In a February 12, 2007 letter from FERC Chairman Kelliher to the Honorable Jeff Bingaman, Chairman of the Senate Energy and Natural Resources Committee, Chairman Kelliher stated that "[FERC] interpret[s] the anti-manipulation language of [the Energy Policy Act of 2005] as allowing [FERC] to sanction market manipulation in financial transactions of natural gas that affect jurisdictional sales, or physical sales….As a consequence, [FERC] staff has reviewed trading into the last half hour final settlement period for NYMEX Futures since Fall of 2004."  See Shur Decl., Exhibit C.

6. In a brief filed in the United States District Court for the Southern District of New York, the CFTC stated that "the plain language of Section 2(a)(I)(A) vests the CFTC with sole power and authority among federal regulatory agencies to adjudicate the lawfulness of futures trading on designated contract markets such as the NYMEX."  See Shur Decl., Exhibit I.

*FERC Enforcement Action*

7. FERC issued an Order to Show Cause and Notice of Proposed Penalties, seeking US $30 million in penalties from Hunter on July 26, 2006 ("OSC").  See Shur Decl.,

3

Exhibit E; FERC Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction, Exhibit B.

Dated: January 7, 2008
      Washington, D.C.

      Respectfully submitted,

      KOBRE & KIM LLP

      By: _____/s/_____
      Michael S. Kim
      Matthew I. Menchel
      Natalie Holme Elsberg
      Kobre & Kim LLP
      800 Third Avenue
      New York, New York 10022
      Telephone:  212.488.1200
      Facsimile:  212.488.1220

      Justin V. Shur (D.C. Bar #973855)
      Kobre & Kim LLP
      1919 M Street, N.W.
      Washington, D.C. 20036
      Telephone:  202.664.1900
      Facsimile:  202.664.1920

      *Attorneys for Plaintiff Brian Hunter*