UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN HUNTER,           )<br>                         )<br>       Plaintiff,      )<br>                         )<br>       v.               )   Civil Case No. 07-1307 (RJL)<br>                         )<br>FEDERAL ENERGY REGULATORY )<br>COMMISSION,              )<br>                         )<br>       Defendant.        )  | |

MEMORANDUM OPINION
(July 30, 2008) [#43, #44]

Plaintiff, Brian Hunter ("Hunter") filed a complaint on July 23, 2007, seeking a declaratory judgment regarding the Federal Energy Regulatory Commission's ("FERC") assertion of jurisdiction over him and a temporary restraining order and a preliminary injunction to enjoin FERC from proceeding with its enforcement action. On December 10, 2007, the Court denied Hunter's request for a preliminary injunction.[1] *See Hunter v. FERC*, 527 F. Supp. 2d 9 (D.D.C. 2007). Now before the Court is FERC's motion to dismiss the declaratory judgment claim and Hunter's motion for declaratory judgment. For the following reasons, the Court GRANTS the defendant's motion to dismiss and DENIES plaintiff's motion for declaratory judgment.

---

[1] The Court denied plaintiff's motion for a temporary restraining order during the initial hearing on July 24, 2007.

## BACKGROUND

In 2005, Congress amended the Natural Gas Act ("NGA") and the Federal Power Act ("FPA") through the enactment of the Energy Policy Act, Pub. L. No. 109-58, 119 Stat. 594, §§ 315 and 1283 (2005) ("EPAct"). In so doing, Congress provided FERC with the authority to issue regulations prohibiting:

> [A]ny entity, directly or indirectly, to use or employ in connection with the purchase or sale of natural gas or the purchase or sale of transportation services subject to the jurisdiction of the Commission, any manipulative or deceptive device or contrivance . . . in contravention of such rules and regulations as the Commission may prescribe as necessary in the public interest or for the protection of natural gas ratepayers.

15 U.S.C. § 717c-1. After a period of notice and comment, FERC enacted its anti-manipulation rule in 2006, implementing the EPAct. *See* Prohibition of Energy Market Manipulation, 18 C.F.R. § 1c.1, issued in Order No. 670, 114 FERC 61,047 (Jan. 19, 2006) (hereinafter "Order 670").

Pursuant to its new enforcement authority, FERC launched a non-public investigation, which it conducted in cooperation with the Commodity Futures Trading Commission ("CFTC"), into Amaranth Advisors LLC's ("Amaranth") trading practices in June 2006. (FERC Order to Show Cause and Notice of Proposed Penalties, *Amaranth Advisors, LLC*, IN07-26-000, 120 FERC ¶ 61,085 (July 26, 2007) at ¶ 53 (hereinafter "OSC").) At that time, Hunter was a natural gas trader and portfolio manager at Amaranth, which is a hedge fund based in Greenwich, Connecticut.[2] (Hunter Decl. ¶¶ 1-2.) In that capacity, he traded, *inter alia*, natural gas futures on the New York Mercantile

---

[2] From June 2004 through October 2005, Hunter was employed by Amaranth Advisors LLC. (Hunter Decl. ¶ 1.) From October 2005 until September 2006, Hunter was employed by Amaranth Advisors (Calgary) ULC. (Hunter Decl. ¶ 2.) The Court will collectively refer to these entities as "Amaranth."

Exchange ("NYMEX"). (*Id.* ¶ 10.) Ultimately, FERC concluded that there was a substantial basis to believe that various Amaranth entities, Hunter and Matthew Donohoe, another trader, manipulated the NYMEX NG Futures Contract price on three occurrences in 2006, thereby impacting the price of a "substantial volume" of natural gas transactions regulated by FERC. (*See* OSC ¶¶ 5-6.)

Then, on May 16, 2007, FERC issued a Formal Non-Public Order of Investigation announcing its intention to investigate, *inter alia*, "potential market manipulation that may have occurred in connection with Commission-jurisdictional natural gas transactions, including but not limited to, manipulation of the settlement price of the prompt-month NYMEX Natural Gas Futures Contract." In response, Hunter challenged FERC's authority to bring an enforcement action by filing submissions with FERC's Division of Investigation. (Shur Decl. ¶ 8.) Finally, Hunter received a letter from FERC sent July 19, 2007, informing him that it intended to issue an Order to Show Cause, which makes preliminary findings that Hunter, Donohoe and Amaranth violated FERC's Anti-Manipulation Rule, 18 C.F.R. § 1c.1.[3] This suit immediately followed.

During the pendency of this lawsuit, FERC's enforcement proceedings have proceeded. Two of the other parties named in the OSC, Amaranth and Donohoe, sought a rehearing before FERC challenging FERC's jurisdictional basis for issuing the OSC. FERC denied the motions on December 12, 2007, and both parties sought review in our

---

[3]On July 25, 2007, the CFTC filed a civil enforcement action, based on substantially similar allegations as those included in FERC's OSC, in the United States District Court for the Southern District of New York against Hunter and his former employer, Amaranth, alleging violations of the Commodity Exchange Act. *See United States Commodity Futures Trading Commission v. Amaranth Advisors, LLC*, Civil No. 07-6682 (S.D.N.Y. filed July 25, 2007).

3

Circuit Court. On April 23, 2008, our Circuit Court dismissed Donohoe's appeal on the grounds that he was simultaneously seeking rehearing by the agency and judicial review of the same agency order, *i.e.*, the OSC. *See Donohoe v. FERC*, No. 07-1504 (D.C. Cir. Apr. 23, 2008) (Order). Furthermore, it ordered Amaranth to show cause why its petition should not be dismissed for lack of finality. *See id.* On July 11, 2008, our Circuit Court ordered that the jurisdictional issue raised in its order to show cause be referred to the merits panel. *See Amaranth Advisors L.L.C. v. FERC*, No. 07-1491 (D.C. Cir. July 11, 2008). Now Hunter seeks summary judgment on his declaratory judgment claim, which raises some of the same arguments pending before our Circuit Court. FERC, on the other hand, has moved to dismiss this case for lack of jurisdiction. For the following reasons, the Court will do so.

## ANALYSIS

**I.    Standard of Review**

FERC moves to dismiss Hunter's declaratory judgment claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and in the alternative for failure to state a claim under Rule 12(b)(6). Under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (quoting *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006)). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Lindsey*, 448 F. Supp. 2d at 42-43 (alteration in original) (quoting *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C.2005)). Under Rule 12(b)(6), courts may

dismiss claims if, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, it appears that a plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The plaintiff has not done so here.

## II.  Discussion

Hunter seeks a declaration from this Court that FERC's "assertion of jurisdiction over trading of energy commodities for future delivery" conflicts with the EPAct, the NGA and the Commodity Exchange Act and that FERC is "enjoined from proceeding with any enforcement action against Plaintiff." He argues that this claim is not a challenge to the OSC, but rather a challenge to FERC's determination of jurisdiction. FERC, in response, argues that Hunter's declaratory judgment action essentially constitutes a challenge to FERC's assertion of jurisdiction via the OSC, and as such must be brought in the court of appeals. I agree.

"[W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Telecomms. Research & Action Center v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984) (hereinafter "*TRAC*"). Only, for example, in the "very limited circumstance" where the agency acts *ultra vires*, *see id.* (citing *Hartz Mountain Corp. v. Dotson*, 727 F.2d 1308, 1311-12 (D.C. Cir. 1984); *Leedom v. Kyne*, 358 U.S. 184 (1958)), or the case challenges the constitutionality of the agency's enabling statute, *see Time Warner Entm't Co. v. FCC*, 93 F.3d 957, 965 (D.C. Cir. 1996), have

courts recognized an exception to this rule. Thus, challenges "to the manner in which the agency has exercised" its statutory authority do not generally overcome the prohibition of district court review set forth by our Circuit Court in *TRAC*. *See id.*; *see also Ukiah Adventist Hospital v. FTC*, 981 F.2d 543, 550 (D.C. Cir. 1992), *cert. denied* 510 U.S. 825 (1993).

Here, Hunter is challenging an order issued by FERC (*i.e.*, the OSC). Although he concedes, in essence, that judicial review of a FERC order must be brought in the circuit courts, he attempts to recast his declaratory judgment claim as a challenge to the scope of FERC's jurisdiction as opposed to a challenge to its OSC. It doesn't work.

Hunter's declaratory judgment claim is so intertwined with the OSC and accompanying enforcement proceedings that it must be construed as an attack on the OSC itself. For example, the subheading for Count I, Declaratory Judgment is premised on the OSC: "FERC's Imminent Enforcement Action by OSC Is Beyond The Scope of Its Authority." *See also* Compl. ¶ 1 ("This action arises from FERC's assertion of jurisdiction to bring an investigation and enforcement action against Plaintiff for Plaintiff's trading of natural gas futures contracts."); Compl. ¶ 59 ("By threatening and proceeding to an imminent enforcement action by against [sic] Plaintiff *by OSC* for alleged manipulation of natural gas futures on NYMEX, the FERC has grossly exceeded its statutory authority." (emphasis added)). Additionally, other respondents to the OSC viewed it as an order governed by § 19 of the NGA. Thus, they sought rehearing before FERC prior to filing a petition in the D.C. Circuit, raising some of the same jurisdictional

arguments as Hunter makes.[4]  Hunter's attempts to point to prior pronouncements by FERC or FERC officials as the jurisdictional decision subject to the declaratory judgment claim are to no avail.  In addition to failing to mention these purported decisions in his complaint, Hunter did not actually seek any relief from these alleged jurisdictional decisions until the OSC was finally issued.  Thus, it is clear that the principal target of Hunter's declaratory judgment claim is the OSC itself, not FERC's jurisdictional authority.  And, since the court of appeals has exclusive jurisdiction over challenges to orders issued by FERC under Section 19(b) of the NGA,[5] this Court lacks jurisdiction over Hunter's claim.  *Hunter v. FERC*, 527 F. Supp. 2d 9, 17 n.6 (D.D.C. 2007); *see CFTC v. Amaranth Advisors, LLC*, 523 F. Supp. 2d 328, 338 (S.D.N.Y. 2007).  Indeed, were this Court to exercise jurisdiction, it could interfere with our Circuit Court's jurisdiction to review FERC's final decision on the OSC.

Moreover, the circumstances here do not warrant this Court to invoke its inherent power to review alleged *ultra vires* agency actions.  Hunter's attempt to invoke federal question jurisdiction on the grounds that FERC exceeded its authority by asserting jurisdiction over Hunter is similarly to no avail.  Nonstatutory review is limited in scope. *See Jasperson v. Federal Bureau of Prisons*, 460 F. Supp. 2d 76 (D.D.C. 2006) (citing

---

[4]Hunter urges the Court to expedite its ruling so that his case can be joined with the petitions pending in the D.C. Circuit. (Cross-Mot. 15-16 & n.13.)  However, to the extent the D.C. Circuit is poised to address arguments identical to those advanced here, it seems that it would be imprudent for this Court to precede the Circuit Court on its entertainment of these issues.

[5]"Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such a proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia . . . ." 15 U.S.C. § 717r(b).

*Griffith v. FLRA*, 842 F.2d 487 (D.C. Cir. 1988)). Courts will exercise their power to review alleged *ultra vires* agency action when an agency "patently misconstrues a statute, disregards a specific and unambiguous statutory directive, or violates a specific command of a statute." *See Griffith v. FLRA*, 842 F.2d 487, 493 (D.C. Cir. 1988) (internal quotations and citations omitted). Hunter essentially seeks to challenge FERC's interpretation and application of its anti-manipulation enforcement authority as opposed to challenging that it is disregarding a statutory mandate. As explained in my previous opinion, FERC's initiation of enforcement proceedings against Hunter is not the sort of "brazen defiance" that calls for *ultra vires* review. *See Hunter*, 527 F. Supp. 2d at 17 n.6 (quoting *Philip Morris, Inc. v. Block*, 755 F.2d 368, 369-70 (4th Cir.1985)). Indeed, to find otherwise would permit every unwitting target to an agency enforcement proceeding to delay adjudication by claiming that the agency was acting outside its authority. *See Royster-Clark Agribusiness, Inc. v. Johnson*, 391 F. Supp. 2d 21, 25 (D.D.C. 2005).

Finally, even if this Court had jurisdiction, FERC's actions are neither sufficiently final nor ripe to warrant review at this juncture. "An agency action is deemed final if it is "'definitive'" and has a "'direct and immediate . . . effect on the day-to-day business'" on the party challenging the agency action." *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 732 (D.C. Cir. 2003) (quoting *FTC v. Standard Oil*, 449 U.S. 232, 239 (1980) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967))). In assessing whether an agency action is fit for review, courts also consider whether the dispute constitutes a legal or factual question. *See Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F.2d 1485, 1489 (D.C. Cir. 1983). Simply stated, a judicial

pronouncement regarding the proper scope of FERC's enforcement authority pursuant to the EPAct is premature. The administrative proceedings do not have the day-to-day effect or hardship needed for final or ripe agency action. *See Hunter*, 527 F. Supp. 2d at 16-17 (distinguishing cases). Although Hunter faces the "practical consequences" of answering and participating in the enforcement proceedings and facing a fine, these consequences do not "impose[] an obligation, den[y] a right, or fix[] some legal relationship" as would a true final agency action. *See Reliable*, 324 F.3d at 732-33 (deciding between voluntary compliance or defending oneself in administrative proceeding different from the kind of consequences associated with final agency action); *see also Hunter*, 527 F. Supp. 2d at 16-17 (explaining that the OSC is merely an initial step in the enforcement process and does not assess any penalties against or compel any action by Hunter at this time). Additionally, although it is clear that FERC interprets the EPAct to permit it to bring anti-manipulation proceedings against those entities, including individuals, that *affect* its jurisdictional markets, it is far from certain that Hunter's activities will ultimately fall within these confines. *See Royster-Clark Agribusiness*, 391 F. Supp. 2d at 28-29 (noting that plaintiff can raise defenses presented to the court before the agency and that the agency may not impose any penalties or obligations on plaintiffs). Hunter will have ample opportunity to contest whether his conduct violates FERC's anti-manipulation rule, or whether FERC's anti-manipulation rule infringes on the province of the CFTC. Permitting the agency to go forward may not only moot Hunter's claim, but will also provide a context within which our Circuit Court can evaluate FERC's interpretation of its enforcement authority. Accordingly, I will not review FERC's exercise of its jurisdiction through a request for a declaratory judgment.

9

## CONCLUSION

Thus, for all of the above reasons, the Court GRANTS defendant's motion to dismiss and DENIES plaintiff's motion for declaratory judgment. An appropriate Order will issue with this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge